E. H. KEPLEY AND GLADYS KEPLEY, BY NEXT FRIEND, GRADY GOODE, v. A. B. C. KIRK, PROPRIETOR OF THE KIRK AUTO SERVICE, AND A. B. C. KIRK.

(Filed 5 May, 1926.)

1. **Evidence—Maps—Explanation—Witness—Corroboration—Substantive Evidence.**

A map of a public road and surroundings made by a civil engineer showing the conditions under which the collision occurred in a negligence action, is competent when testified to by another witness as being a correct representation of the place at the time of the occurrence, for the purpose of other competent witnesses explaining their testimony, though not as corroborative evidence.

**2. Automobiles—Collisions—Negligence—Highways— Evidence — Immaterial—Appeal and Error.**

Where the evidence in a personal injury action for defendant's alleged negligence in driving a passenger coach on a public highway, causing a collision with an automobile is directed to the question as to whether the defendant should have driven the coach on the right side of a hard-surface highway and given plaintiff room to pass, evidence as to the condition of a dirt road near by, a part of the highway, is immaterial to the issue.

**3. Evidence—Opinions Upon Collective Facts — Common Knowledge— Ordinary Observation—Expert Witnesses.**

Testimony of a witness as to his opinion arising from ordinary observation of collective facts coming within ordinary experience, is not objectionable, and does not require the qualification of the witness as an expert.

**4. Negligence—Contributory Negligence—Instructions—Appeal and Error —Prejudice.**

The defendant cannot be prejudiced by an instruction under the issue of contributory negligence that places a greater burden upon the plaintiff than the law requires.

**5. Negligence—Proximate Cause.**

Where to recover damages in an action it is necessary to show that it was proximately caused by the negligence of a party, it is not required that it was proximate as to time or place, but that the negligence was the sole and efficient cause of a negligent act that in its sequence ultimately and proximately produced the injury the subject of the inquiry.

APPEAL by defendant from *R. B. Redwine, Emergency Judge,* at November Term, 1925, of MECKLENBURG. No error.

Civil action for damages brought by E. H. Kepley and Gladys Kepley, by next friend, Grady Goode, against A. B. C. Kirk. The actions were consolidated by consent.

The plaintiffs allege actionable negligence against A. B. C. Kirk, who was the owner of the Kirk Auto Service, and ran a bus line between the cities of Charlotte, Concord and Salisbury, transporting passengers. Walter H. Kirk was the driver of the bus at the time of the collision.

The injury to plaintiffs occurred on the evening of November 22, 1924, on the Charlotte-Concord-Salisbury road, just beyond the Southern railroad underpass on North Tryon Street in the residential section of the city of Charlotte. Defendant denies any negligence and pleads contributory negligence on part of plaintiffs.

Defendant also alleges actionable negligence against plaintiffs and claims damages to the bus.

Plaintiffs' replication denies the allegations of defendant's cross-action.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff, E. H. Kepley, injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff, Mrs. Gladys Kepley, injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"3. Did the plaintiff, E. H. Kepley, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

"4. Did the plaintiff, Mrs. Gladys Kepley, by her own negligence, contribute to her injury, as alleged in the answer? Answer: No.

"5. What damages, if any, is the plaintiff, E. H. Kepley, entitled to recover? Answer: $10,000.

"6. What damages, if any, is the plaintiff, Mrs. Gladys Kepley, entitled to recover? Answer: $5,000.

"7. What damage, if any, is the plaintiff, E. H. Kepley, entitled to recover by reason of injury to his car? Answer: $800.

"8. What damage, if any, is defendant entitled to recover of the plaintiff, E. H. Kepley, by reason of injury sustained to its bus? Answer: ................."

Judgment was rendered on the verdict. Defendant excepted and assigned numerous errors and appealed to the Supreme Court. The material ones will be considered in the opinion.

*T. L. Kirkpatrick, J. H. McLain and H. L. Taylor for plaintiffs.*
*Bridges, Orr & Vreeland for defendant.*

CLARKSON, J. A map was made by a civil engineer about a year after the collision, showing the Southern Railroad underpass, with width of the entire road—the paved and dirt portions and the width of each—and alleged place of collision.

There was conflicting testimony as to the condition of the road at the place and time of the collision. The engineer who made the map was not familiar with the actual conditions at the time of the collision, but there was testimony on the part of the plaintiff, E. H. Kepley, that he helped the engineer make the measurements, and that the map was correct and represented the true condition of the road at the time of the collision. Defendant contends that the map was incompetent and prejudicial. As substantive evidence we think the defendant's contention correct, but, both on direct and cross-examination of the witnesses, the court below did not allow the map to be used as substantive evidence, but repeatedly stated that it was used for the purpose of illustrating the evidence and a repetition was: "This map is not admitted as evidence. It is admitted for the purpose of trying to illustrate the condition at that time."

The map, under the facts and circumstances, was competent "for the purpose of enabling the witness to explain his testimony and enabling the jury to understand it." *Britt v. R. R.*, 148 N. C., 37; *S. v. Jones*, 175 N. C., 713; *S. v. Mathews, ante,* 378; 22 C. J., p. 910.

Under the decisions of this State and elsewhere, we cannot hold that the map was incompetent or prejudicial to defendant, being used only to illustrate and explain the testimony of witnesses. The map must be correct and accurate in order that it may be admissible, but this does not require strict mathematical accuracy; the lack of accuracy goes to the weight and not the admissibility.

Wigmore on Evidence (2 ed.), sec. 794, p. 100, says: "A witness thus using the map or photograph as representing his knowledge need not be the maker of it. He affirms it to represent his observation; and that is the essential element. Even the maker could not use it without such a guarantee; and it may equally represent others' observation as well as his own. Indeed, if it is a correct representation, it will naturally be equally representative for all observers."

In *Hyde v. Town of Swanton,* 72 Vt., 264, a civil engineer was introduced as a witness "and produced a plan made by him, which he said was an accurate plan of the location where the accident happened. He did not profess to know anything about the situation and condition of the point in question at the time of the accident. Such knowledge on his part was not necessary. If the other testimony in the case tended to show that the situation was as shown upon the plan, it was admissible."

It was in evidence that the hard surfaced road was about 16 feet wide and laid on the east side of the public highway, and the balance of the road, 23 feet, was dirt, on the west side, except on the east side of the road between the paved road and the ditch there was about 5 feet of dirt road. At the time of the collision plaintiffs were going north in a Nash automobile driven by E. H. Kepley, and defendant's bus was coming south driven by Walter H. Kirk. There was evidence on the part of defendant that there was a water main put in the dirt part of the road on the west side, and the road was dug up about 4 feet deep and 18 inches wide, to lay the pipe. It left the dirt portion of the road in bad condition, but the evidence in this regard was conflicting. Plaintiffs' evidence was that the dirt road was in good condition. It was in evidence that the paved road, about 16 feet wide, was sufficient for the bus and automobile to pass in safety if each was driven to the right of the center of the paved road. The collision occurred 22 November, 1924, about 4:50 p.m. It was in evidence that it rained that day and the dirt road would become slick and muddy when it rained.

The defendant excepted and assigned error to the following testimony of plaintiff's witness, M. T. Skeen: "The ditch work was started in

March and completed in May. That would give it about six months to settle. Q. Any trouble about that class of soil settling in six months where it is properly put in? Answer: No, sir. With that type of soil, as I knew it, and where the work was done six months under the kind of superintendent Mr. Foster was, that road could be traveled over." If this testimony was incompetent, it was not material. The main evidence for plaintiff as to the collision was what he testified to that the front wheels of his car was right at the edge of the hard surface and the dirt road on the right going north at the time of the collision. The hard surface being about 16 feet wide, this would put him on the right of the center of the hard surfaced road. He testified that defendant coming south had about 30 to 31 feet of the road to his (plaintiff's) left from the point of collision. This included part of the hard surfaced road. Plaintiff only had five feet of the dirt road to the right going north. Plaintiff was driving to the right of the center of the paved strip in the highway, keeping close to the outer edge of the hard surface. From plaintiff's testimony, defendant was on the wrong side of the hard-surfaced road when the collision occurred, and therefore the condition of the dirt road was not material.

We can see no objection to the evidence. We think it competent. The witness knew the road and was familiar with the conditions and could state the facts from personal observation.

"Where an inference is so usual, natural, or instinctive as to accord with general experience, its statement is received as substantially one of a fact—part of the common stock of knowledge." 22 C. J., p. 530, citing numerous North Carolina cases.

In *Britt v. R. R., supra*, p. 41, it is said: "5 Encyc. Ev., 654, summarizes the decisions thus: 'The exception to the general rule that witnesses cannot give opinions is not confined to the evidence of experts testifying on subjects requiring special knowledge, skill or learning, but it includes the evidence of common observers testifying the results of their observations made at the time in regard to common appearances, facts and conditions which cannot be reproduced and made palpable to a jury,' citing, among other cases, *S. v. Edwards*, 112 N. C., 901. This is a clear statement of a well-settled principle, and is a common-sense restriction which keeps the wise general rule as to 'opinion' and 'expert' evidence from degenerating into absurdity."

From a careful reading of the charge, we think the court below applied the law to the facts. The court below first gave clearly the contentions of the parties; set forth the issues; defined the law of the road and negligence; correctly charged as to the burden of proof on the issues and the weight to be given the evidence; clearly stated the facts which would

make plaintiff guilty of contributory negligence, and charged that if plaintiff did any act of negligence as defined, which caused the injury or without which the injury would not have occurred, the jury should answer the third issue, Yes. This issue was: "Did the plaintiff, E. H. Kepley, by his own negligence, contribute to his injury as alleged in the answer?" The court left out "proximate cause," and the charge was more favorable than defendant was entitled to, as this contributory negligence must be the proximate cause of the injury. On the other hand, in the charge as to the alleged negligence of the defendant, the court several times charged that this negligence must be the proximate and *direct* cause of the injury. Although the charge is not full or fullsome, we cannot, on the whole, say that there is prejudicial error.

It was said in *Ordegard v. North Wisconsin Lumber Co.,* 110 N. W., 809, 818, 130 Wis., at p. 685 : In an action for injuries to a servant, an instruction that "proximate" cause meant "the immediate, direct, actual, natural, efficient, and real cause," was no ground for reversal of a judgment in favor of plaintiff, as it placed a heavier burden on him than the correct rule.

The decisions of this State have approved the language of *Mr. Justice Strong* in *Ins. Co. v. Boon,* 95 U. S., 117 : "The proximate cause is the dominant cause, not the one which is incidental to that cause, its mere instrument, though the latter may be nearest in place and time to the loss. In *R. R. v. Kellogg (ante,* 256), we said, in considering what is the proximate and what the remote cause of an injury, 'The inquiry must always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury.' "

In *Milwaukee and St. Paul Ry. Co. v. Kellogg,* 94 U. S., p. 470 (24 L. Ed., 259), written by the same Justice, it is said : "The true rule is, that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or in the oft cited case of the squib thrown in the market place. *Scott v. Shepherd (Squib case),* 2 W. Bl., 892." *Taylor v. Lumber Co.,* 173 N. C., at p. 116; *Graham v. City of Charlotte,* 186 N. C., p. 667; *Hinnant v. Power Co.,* 187 N. C., p. 295; *Whitehead v. Telephone Co.,* 190 N. C., 197; *Paderick v. Lumber Co., ibid.,* p. 312.

"Now, as to the fourth issue—Did the plaintiff, Mrs. Gladys Kepley, by her own negligence, contribute to her injuries as alleged in the an-

swer?—the court charges you, gentlemen, that there is no evidence in this case of contributory negligence upon the part of the plaintiff, Mrs. Gladys Kepley, and it would be your duty to answer that issue, No." Mrs. Gladys Kepley was riding with her husband, but had no control over the automobile. *Albritton v. Hill,* 190 N. C., 431; *Hanes v. Utilities Co., ante,* 13.

The case is not a complicated one as to the law or facts. It was an action for actionable negligence. A collision on the public highway, conflicting evidence as to the right of the road. On the whole record, we cannot find any reversible or prejudicial error. *Davis v. Long,* 189 N. C., 137; *Fowler v. Fibre Co., ante,* 42.

The statute, C. S., 564, requires the court below: "He shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising therein." We have heard the able argument of defendant's counsel, and gone carefully over the well prepared brief, and we think the law has been substantially complied with. For the reasons given, there is

No error.