HOMER JEFFERSON SIZEMORE v. JEFFREY EUGENE RAXTER AND DILLARD EUGENE RAXTER

No. 8327SC1197

(Filed 19 March 1985)

**1. Automobiles and Other Vehicles § 83.2— traffic director struck by car—not contributorily negligent as matter of law**

In a personal injury action by a plaintiff who was directing traffic in a Runathon when he was struck by defendant's automobile, the trial court did not err in denying defendant's motion for a directed verdict based on contributory negligence where plaintiff was an experienced traffic director especially trained by law enforcement agencies, was directing traffic on this occasion with the knowledge of law enforcement personnel, was responsible for directing traffic from an outside to an inside lane and for keeping runners in the outside lane, was directing his attention toward the runners at the time the accident happened, had parked his van in the roadway and had placed pylons to direct traffic to the inside lane, and had turned on four-way flashers and a red rotating light on the dashboard.

**2. Automobiles and Other Vehicles § 89.1— traffic director struck by car—last clear chance properly submitted to jury**

In a personal injury action by a plaintiff who was struck by an automobile while directing traffic at a Runathon, the court did not err by submitting the issue of last clear chance to the jury where the accident happened in broad daylight on a clear day; plaintiff's attention was on the runners with his back to the traffic; plaintiff was not aware of defendant's vehicle until he heard it strike two pylons; plaintiff then turned, saw defendant's vehicle, and tried to jump out of the way; defendant could see the van behind which plaintiff was standing 400 yards ahead and merged into the left lane 100 feet in front of the van; there was nothing to prevent defendant from remaining in the left-hand lane; and there was nothing to prevent defendant from seeing plaintiff prior to the first time he saw him.

**3. Automobiles and Other Vehicles § 45.6— traffic director struck by car—photographs of scene properly admitted**

In a personal injury action by a plaintiff who was struck by a car while directing traffic at a Runathon, the court did not err by admitting photographs of the scene taken more than two years after the accident. Plaintiff testified that the photographs were a fair and accurate portrayal of the intersection at the time of the accident, the photographs were received for illustrative purposes only, and defendant did not object to the photographer's testimony as to the distances from which the pictures were taken.

Judge WEBB dissenting.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 28 July 1983 in Superior Court, GASTON County. Heard in the Court of Appeals 30 August 1984.

This is an action for personal injury by the plaintiff who was struck by an automobile driven by the defendant Jeffrey Eugene Raxter. It has previously been in this Court. *See Sizemore v. Raxter,* 58 N.C. App. 236, 293 S.E. 2d 294, *disc. rev. denied,* 306 N.C. 744, 295 S.E. 2d 480 (1982).

On 4 May 1980, a Runathon participated in by about 100 runners was conducted over various public roads and streets in the City of Gastonia. The run, for the benefit of the cerebral palsy fund, was supported by a number of public service organizations and was authorized by city officials. Though the police were briefed in regard to the run, the route was laid out and traffic over it was directed and controlled by plaintiff and other members of the North Carolina Road Rangers, Inc., a club formed to render emergency aid to people in distress on the highway, to assist in conducting parades, runathons, bikeathons, and similar activities. The run, several miles long, started and ended at Ashbrook School, situated on South New Hope Road. In returning to the school, runners ran westward on Titman Road until that road dead ends into South New Hope Road, and then ran northward on South New Hope Road back to the place of beginning. At the place where Titman Road runs into the east side of South New Hope Road, forming a T intersection, South New Hope Road has five lanes, two for southbound traffic, two for northbound traffic, and a turn lane in the center. At the time pertinent to this case plaintiff was directing runathon traffic at this intersection. He arrived there at approximately 3 o'clock that afternoon and parked his van facing south in the northbound curb lane of the New Hope Road. The van was parked from 15 to 20 feet south of the intersection with the two left wheels off the outside northbound traffic lane. The plaintiff placed six pylons, 2½ feet in height, in positions to funnel traffic around the van and into the inside lane of South New Hope Road. The four-way flashers on the van were in operation and a revolving red light was on the dashboard.

The plaintiff positioned himself behind the van in the northbound outside lane of South New Hope Road in order to direct

runners approaching on Titman Road into the northbound lane of South New Hope Road. Some time after the plaintiff had been at the intersection, Jeffrey Eugene Raxter was driving an automobile in a northerly direction on South New Hope Road. As he approached the intersection, he saw the van and slowed down approximately 100 feet from it and moved to the inside lane. He testified that as he passed the van he "started to change lanes, because he saw a car in his rear view mirror coming up behind him pretty fast."

The plaintiff was watching runners approaching the intersection on Titman Road. He did not hear a horn or brakes. He heard the automobile hit a pylon and turned to see the vehicle eight or ten feet from him. He was unable to leave the road in time to avoid the collision. Jeffrey Raxter testified that he did not see the plaintiff until he was 30 feet from him traveling at 30 miles per hour. He applied his brakes but was unable to avoid the accident.

There was some dispute as to where the plaintiff was located at the time the defendant first saw him. The plaintiff testified he was three or four feet from the curb. Jeffrey Raxter testified the plaintiff was five or ten feet from the curb.

The Court submitted to the jury issues as to negligence, contributory negligence and last clear chance. The jury answered "yes" to both negligence issues. It answered the last clear chance issue favorably for the plaintiff and awarded damages. The defendants appealed.

*Joseph B. Roberts, III, P.A., by Joseph B. Roberts, III, for plaintiff appellee.*

*George C. Collie and Charles M. Welling, for defendant appellants.*

JOHNSON, Judge.

The issues on this appeal concern (1) the denial of defendant's motion for directed verdict made on the grounds that plaintiff was contributorily negligent as a matter of law; (2) the submission of the issue of last clear chance to the jury; (3) the court's instructions on last clear chance; and (4) the admission of certain photographs into evidence. For the following reasons, we find no error and affirm the judgment of the trial court.

[1]    The first issue is whether the court erred in denying defendants' motions for directed verdict. Defendants contend that the evidence showed plaintiff was contributorily negligent as a matter of law because (1) he parked the van in the roadway in violation of G.S. 20-161(a) and 20-162(b), (2) he stood in the roadway in violation of G.S. 20-174.1, and (3) he failed to keep a proper lookout for approaching vehicular traffic on South New Hope Road.

Defendants, however, ignore the special rules of law concerning road workers outlined by the Supreme Court in *Kellogg v. Thomas*, 244 N.C. 722, 94 S.E. 2d 903 (1956). The court stated in *Kellogg v. Thomas, supra* that such a worker

> . . . cannot utterly disregard the matter of his own safety. However, he occupies a different status from an ordinary pedestrian crossing a street, and this status must be considered in determining the degree of care he must exercise for his own safety, and in determining the question of contributory negligence. Because he is not required to neglect his work to escape collision with motorists not exercising reasonable care for his safety, or not obeying statutes regulating in the interests of public safety the operation of motor vehicles, he is not obliged to keep a constant lookout for approaching vehicles, and his failure to do so, does not necessarily constitute contributory negligence as a matter of law. Whether such a worker has exercised reasonable care for his own safety in view of his work and surrounding circumstances is ordinarily for the jury under proper instructions from the court. (Citations omitted.)

244 N.C. at 729, 94 S.E. 2d at 908-909. This rule was subsequently applied to those directing traffic in *Gathings v. Sehorn*, 255 N.C. 503, 121 S.E. 2d 873 (1961). The evidence in the present case shows that plaintiff, who was an experienced traffic director specially trained to direct traffic by law enforcement agencies, was directing traffic on this occasion with the knowledge of law enforcement personnel. He was responsible for diverting traffic from the outside lane of South New Hope Road into the inside lane and for making sure that the runners turned north on South New Hope Road and remained on the outside curb lane of South New Hope Road. At the time the accident happened, his attention

was directed towards keeping the runners in the proper lane. He had parked the van in the roadway and placed pylons in the road to divert traffic into the inside lane of South New Hope Road. He had turned on a red rotating light mounted on the dashboard of the van and the van's four-way flashers. He was standing approximately 30 to 35 feet behind the van to the east of the pylons. Under these circumstances, we cannot say plaintiff was contributorily negligent as a matter of law.

[2]  The next issue is whether the court erred in submitting the issue of last clear chance to the jury. In order to invoke the doctrine of last clear chance, and to recover despite his contributory negligence, an injured pedestrian struck by a vehicle must establish the following four elements:

> (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him. [Citing 26 cases as authority.]

*Clodfelter v. Carroll*, 261 N.C. 630, 634-35, 135 S.E. 2d 636, 639 (1964). The "original negligence" of a defendant may be relied upon to activate the doctrine of last clear chance. *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968). It depends upon the facts of the particular case whether an issue of last clear chance should be submitted to the jury. *Id.*

We now apply these principles to the evidence in this case. As mentioned earlier, plaintiff's attention was on the runners at the time of the accident, with his back to the traffic on South New Hope Road. Plaintiff testified that he was not aware of defendants' vehicle until he heard two pylons being struck. He then turned and saw defendants' vehicle coming at him. As he

jumped and twisted to avoid the vehicle, he was struck by it. The evidence thus supports a finding that plaintiff negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care.

The accident happened in broad daylight on a clear day. Defendant Jeffrey Raxter testified that he could see the van approximately 400 yards ahead. Plaintiff testified that the van was parked approximately 15 to 20 feet south of the intersection, with the wheels on the driver's side off the pavement and over the curb; that the van was six feet wide; and that he was standing in the intersection three to four feet away from the east curb of South New Hope Road. Jeffrey Raxter also testified that he was traveling approximately 35 miles per hour; that he merged into the left-hand inside lane approximately 100 feet in front of the van; that plaintiff was standing approximately 30 to 35 feet behind the van; that there was nothing to prevent him from remaining in the left-hand lane; and *that there was nothing to prevent him from seeing plaintiff prior to the time he first saw him.* From the foregoing evidence, the jury could find that Jeffrey Raxter knew, *or by the exercise of reasonable care could have discovered* plaintiff's perilous position and his incapacity to escape from it before the endangered plaintiff suffered injury at his hands; that Jeffrey Raxter had the time and means to avoid injury to the plaintiff by exercise of reasonable care after he discovered, *or should have discovered* plaintiff's perilous position and his incapacity to escape from it; and that Jeffrey Raxter negligently failed to use the available time and means to avoid injury to the plaintiff, as there was nothing to prevent him from remaining in the left lane of travel.

Defendants' reliance upon *Watson v. White*, 309 N.C. 498, 308 S.E. 2d 268 (1983), is misplaced. In that case, it was dark, and the earliest the defendant driver could have discovered the plaintiff was when, traveling 40 miles per hour exiting a curve, she was only 75 feet away from the pedestrian.

The third issue is whether the court properly instructed the jury on the doctrine of last clear chance. Defendants concede that the court properly instructed on the law of last clear chance but contend that the court failed to apply the law to the evidence. After a careful review of the charge in its entirety, we hold that

the court did indeed adequately apply the law to the evidence, and that defendants have failed to show prejudicial error. *See, Prevette v. Bullis*, 12 N.C. App. 552, 183 S.E. 2d 810 (1971).

[3] The remaining issue is whether the court erred in admitting into evidence certain photographs depicting the scene of the accident which were taken more than two years after the accident. Defendants contend that an insufficient foundation was laid for the admission of the photographs and that the photographs were improperly considered as substantive evidence. They also contend that the court erred in allowing the photographer to testify as to the distances from the intersection the photographs were snapped. These contentions have no merit. Plaintiff testified that the photographs were a fair and accurate portrayal of the intersection at the time of the accident. The court received the photographs into evidence for illustrative purposes only and instructed the jury that they were to consider the photographs only for the purpose of illustrating and explaining the plaintiff's testimony. *See Coach Co. v. Motor Lines*, 229 N.C. 650, 50 S.E. 2d 909 (1948). Defendants also failed to object to the photographer's testimony as to the distances from which the pictures were taken. Defendants have therefore failed to show prejudicial error.

For the foregoing reasons, we hold the court properly denied defendants' motion for a directed verdict, to set aside the verdict, for judgment notwithstanding the verdict and for a new trial.

No error.

Judge PHILLIPS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I believe it was error to submit the issue of last clear chance to the jury. The doctrine of last clear chance is based on the premise that although a plaintiff by his negligence contributes to his injury he should be allowed to recover if the defendant should reasonably avoid the injury after the plaintiff has been negligent. Justice Lake in *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845 (1968) said, "It will be readily observed that the doc-

trine of last clear chance is not a single rule, but is a series of different rules applicable to different factual situations." I believe we have applied the wrong rule in this case.

The majority states as the first element of the rule it applies as "(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care." That is not the situation in this case. The plaintiff could have escaped from his position of peril until a very short time before he was hit. He did not do so because he negligently failed to look. This case differs from *Exum* in that the plaintiff in that case was in a position of helpless peril from which he could not escape.

I believe the rule which should be properly applied to this case is stated in the Restatement of the Law Second, Torts 2d sec. 480 which says:

A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

(a) knew of the plaintiff's situation, and

(b) realized or had reason to realize that the plaintiff was inattentive to the situation and therefore unlikely to discover his peril in time to avoid harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff.

This rule that if the plaintiff could escape from the position of peril in which his negligence has placed him he may recover only if the defendant knew of his peril applies to the law that if both parties are at fault there may be no recovery. If the defendant discovers the plaintiff's peril in time to avoid the injury and does not do so he is again negligent and recovery should be allowed. In this case there is no evidence that the defendant discovered the plaintiff's peril in time to avoid the collision.