GRACE W. THOMAS v. WILLIAM JOSEPH DIXSON D/B/A HILLBILLY TRADING POST

No. 8722SC367

(Filed 5 January 1988)

1. Negligence § 57.4— fall down stairway by invitee—sufficient evidence of negligence—no contributory negligence as matter of law

In an action to recover for personal injuries sustained by plaintiff invitee when she fell down a stairway in defendant's store, plaintiff's evidence was sufficient to present a jury question as to defendant's negligence in failing to maintain his premises in a reasonably safe condition and did not disclose contributory negligence by plaintiff as a matter of law where it tended to show: defendant displayed merchandise near the top of an unguarded stairway in its store; defendant had posted no warning calling the attention of customers to the stairway; merchandise was displayed around three sides of the stairwell, obscuring it from view; the floor and steps were covered with a patchwork carpet made up of remnants of various naps and colors; and while plaintiff was looking at merchandise displayed near the top of the stairs, she took a step and fell down the stairway.

2. Evidence § 19.1; Negligence § 27— stairway structure and appearance—architect's testimony—examination of stairway two years after fall

In an action to recover for personal injuries sustained by plaintiff when she fell down a stairway in defendant's store, the trial court did not err in ruling that an architect's testimony concerning the structure and appearance of the stairway was relevant and had considerable probative value, and the fact that the architect did not examine the stairway until two years after plaintiff's fall was immaterial in light of defendant's testimony that the stairway was the same at the time of trial as when plaintiff fell.

**3. Evidence § 47; Negligence § 27 — stairway compliance with N.C. Building Code — opinion by architect**

An architect's opinion testimony as to whether the stairway in defendant's store complied with requirements of the N.C. Building Code was relevant and admissible in an action to recover for injuries sustained by plaintiff when she fell down the stairway.

**4. Evidence § 25 — photographs and diagram — authentication**

In an action to recover for personal injuries sustained by plaintiff when she fell down a stairway in defendant's store, photographs of the stairway taken in 1984 and 1986 and a diagram of the stairway were sufficiently authenticated for admission into evidence although there was conflicting evidence as to whether a piece of the railing shown to be missing in the photographs and diagram were missing at the time of the accident.

**5. Trial § 35.1 — instructions on burden of proof**

There was no appreciable difference between defendant's requested instruction and the instruction given by the court on the jury's duty to find against the party with the burden of proof if it was unable to determine where the truth lies.

**6. Damages § 17.4 — instruction on mortuary table**

The trial court could take judicial notice of the mortuary tables, and where the issue of permanent injury was raised by plaintiff's evidence, the court properly instructed the jury on plaintiff's life expectancy as shown by the mortuary tables even though the tables were not introduced into evidence. N.C.G.S. § 8-46.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 6 November 1986 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 22 October 1987.

This is a negligence action for personal injuries sustained by plaintiff Grace W. Thomas when she fell down a flight of stairs on premises owned by defendant William Joseph Dixson d/b/a Hillbilly Trading Post. At trial defendant's motions for directed verdict were denied. The trial judge bifurcated the liability and damages issues, submitting the issues of negligence and contributory negligence to the jury first. When the jury answered these issues in plaintiff's favor, the court submitted the damage issue. The jury awarded plaintiff $35,000 in damages; the trial judge denied defendant's motions for judgment notwithstanding the verdict and new trial and entered judgment on the verdict. Defendant appealed.

*James E. Snyder, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner and Kincheloe, by Edward L. Eatman, Jr., and William J. Garrity, for defendant-appellant.*

PARKER, Judge.

In this appeal, defendant raises five assignments of error: (i) that the trial court erred in denying defendant's motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial because plaintiff failed to show that her fall was proximately caused by any negligence on the part of defendant; (ii) that the trial court erred in denying defendant's motions for directed verdict, for judgment notwithstanding the verdict, and for a new trial because plaintiff was contributorily negligent as a matter of law; (iii) that the trial court erred in admitting the expert testimony of an architect; (iv) that the trial court erred in allowing into evidence certain photographs and a diagram; and (v) that the trial court erred in instructing the jury as to plaintiff's burden of proof and as to mortuary tables that were not in evidence. We will address these issues seriatim.

Defendant's first and second assignments of error involve the trial court's denial of certain motions made by defendant. In ruling on a motion for directed verdict pursuant to G.S. 1A-1, Rule 50(a), the trial court must consider the evidence in the light most favorable to plaintiff. The evidence supporting plaintiff's claims must be taken as true, and all contradictions, conflicts, and inconsistencies must be resolved in plaintiff's favor, giving plaintiff the benefit of every reasonable inference. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369, 329 S.E. 2d 333, 337-338 (1985). A directed verdict is seldom appropriate in a negligence action. A motion for judgment notwithstanding the verdict, pursuant to G.S. 1A-1, Rule 50(b), is essentially a renewal of the motion for directed verdict; if the motion for directed verdict could have been properly granted, the motion for judgment notwithstanding the verdict should be granted. *Id.* at 368-369, 329 S.E. 2d at 337. Under these principles, defendant in the case before us was not entitled to a directed verdict or to judgment notwithstanding the verdict unless plaintiff's evidence, viewed in its most favorable light, failed to establish the elements of actionable negligence or showed contributory negligence as a matter of law.

Plaintiff presented the following evidence in support of her claim. Plaintiff and her son entered defendant's store near Boone, North Carolina, at about midday on 30 June 1984. The plaintiff was shopping for a souvenir. At the time, plaintiff was sixty-five years old, had good vision, and was wearing flat, rubber-soled, oxford-style shoes. Neither plaintiff nor her son had ever been in the store before.

Defendant's store, which might appear to be a one-story structure when viewed from the front, actually had a second floor below street level which could be reached by a flight of stairs in the central portion of the building. Around three sides of the stairs on the street-level floor was a railing three feet, seven inches high. This railing had merchandise hanging from it and displayed in front of it. The open part of the stairway faced the back of the store. The floor of the store, around the top of the stairs and on the steps, was covered with a multicolor, patchwork design made up of remnant pieces of different naps and colors of carpet. There was a rack of merchandise close to the top of the steps, and other items of merchandise hung from the inside of the steps.

Plaintiff had been in the shop between five and ten minutes when she stopped to look at the rack of merchandise near the top of the steps. Plaintiff testified that she "made a step" with her left foot and fell down the flight of stairs. Plaintiff's son testified that he was browsing near the back wall of the store while his mother was standing at a metal rack looking at merchandise; he saw her take a step and then fall down the stairs. Both plaintiff and her son testified that they were unaware that there were any stairs in the store prior to plaintiff's fall.

Negligence is the failure to exercise a duty of care for the safety of another. *Dunning v. Warehouse Co.*, 272 N.C. 723, 158 S.E. 2d 893 (1968). In the case before us, plaintiff entered defendant's store in order to purchase goods. Defendant's duty is therefore governed by plaintiff's status as an invitee. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 467, 279 S.E. 2d 559, 562 (1981); *Morgan v. Tea Co.*, 266 N.C. 221, 226, 145 S.E. 2d 877, 881 (1966). As such, defendant owed plaintiff "the duty to exercise ordinary care to keep [his] store in a reasonably safe condition and to warn her of hidden dangers or unsafe conditions of which [he]

had knowledge, express or implied." *Norwood v. Sherwin-Williams Co.*, 303 N.C. at 467, 279 S.E. 2d at 562.

Ordinarily, a plaintiff is contributorily negligent if she fails to discover and avoid a defect that is visible and obvious. *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980). However, this rule is not applicable where there is "some fact, condition, or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition." *Walker v. Randolph County*, 251 N.C. 805, 810, 112 S.E. 2d 551, 554 (1960).

In *Walker v. Randolph County, supra,* our Supreme Court held there was sufficient evidence of negligence for the jury and no contributory negligence as a matter of law where defendant maintained a bulletin board next to and partially extending over an unguarded stairway and where plaintiff, while examining the board for a notice, moved sideways and fell down the steps. Similarly, in *Norwood v. Sherwin-Williams Co., supra,* the Court held there was sufficient evidence of negligence for the jury and no contributory negligence as a matter of law where a display and some merchandise in an aisle of defendant's store were designed to attract and keep customers' attention at eye level and where plaintiff tripped over the corner of a platform protruding into the aisle.

[1] In the case before us, plaintiff's evidence showed that defendant displayed merchandise near the top of an unguarded stairway; that defendant had posted no warning calling his customers' attention to the stairs; that merchandise was displayed around three sides of the stairwell, obscuring it from view; that the floor and steps were covered with a patchwork carpet made up of remnants of various naps and colors; that plaintiff had come into defendant's store to purchase goods; and that while she was looking at merchandise displayed near the top of the stairs, she took a step and fell down the staircase. Viewed in the light most favorable to plaintiff, this evidence requires a jury determination as to whether defendant failed to maintain his premises in a reasonably safe condition and, if he did, whether his failure was the proximate cause of plaintiff's injuries. The evidence also does not show contributory negligence on the part of plaintiff as a matter of law. Therefore, the court below properly denied defendant's

motions for directed verdict and for judgment notwithstanding the verdict.

Appellate review of the trial court's denial of a motion for a new trial pursuant to G.S. 1A-1, Rule 59, is strictly limited to whether the record affirmatively shows a manifest abuse of discretion by the trial judge. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. at 380, 329 S.E. 2d at 343. We find no abuse of that discretion in the case before us.

Defendant's second and third assignments of error involve the admission into evidence of certain testimony and exhibits.

[2] At trial, plaintiff presented the testimony of Fred Williams, a licensed architect, who had personally examined the steps in defendant's store just prior to trial. Plaintiff tendered and the court accepted Mr. Williams as an expert in the field of architecture. Over defendant's objection, Mr. Williams described the structure and appearance of defendant's store building and stairs based on his personal examination. Also over defendant's objection, Mr. Williams testified as to the North Carolina Building Code requirements for stairways and gave his opinion as to whether defendant's stairway complied with those requirements. Defendant contends that this evidence was inadmissible under G.S. 8C-1, Rule 702, because it was of no assistance to the jury and its probative value was outweighed by the danger of undue prejudice. We disagree.

Testimony of an expert in the form of an opinion is properly admitted in evidence if the expert's specialized knowledge will assist the jury in understanding the evidence or in determining a fact at issue in the case. G.S. 8C-1, Rule 702. The expert's testimony, even if relevant, must also have probative value that is not outweighed by the danger of unfair prejudice, confusion, or undue delay. G.S. 8C-1, Rule 403; *State v. Knox*, 78 N.C. App. 493, 495, 337 S.E. 2d 154, 156 (1985). The trial court is afforded a wide latitude of discretion in making a determination regarding the admissibility of expert testimony. *State v. Bullard*, 312 N.C. 129, 140, 322 S.E. 2d 370, 376 (1984).

We first note that Mr. Williams' testimony as to the structure and appearance of the stairway was based on direct personal knowledge. This testimony, therefore, was admissible so long as it

was relevant and its probative value was not outweighed by the danger of unfair prejudice. G.S. 8C-1, Rules 402, 403.

We find that the trial judge did not abuse his discretion in his determination that this testimony was relevant and had considerable probative value. The fact that Mr. Williams did not examine the steps until two years after plaintiff's fall is immaterial in light of defendant's testimony that the steps were exactly the same at the time of trial as when plaintiff fell except that a part of the handrail near the top of the steps had been cut off and the testimony of plaintiff's son that the steps were exactly the same. *See Mintz v. R.R.*, 236 N.C. 109, 112, 72 S.E. 2d 38, 41 (1952) (testimony concerning condition of stairs nearly two years prior to plaintiff's fall held relevant and admissible).

[3] Likewise, Mr. Williams' testimony as to the conformity of the stairway to the North Carolina Building Code was relevant and admissible. The North Carolina Building Code was authorized pursuant to G.S., Chap. 143, Art. 9, in order to regulate the construction of buildings, not the buildings themselves. *Carolinas-Virginias Assoc. v. Ingram, Comr. of Insurance*, 39 N.C. App. 688, 251 S.E. 2d 910, *disc. rev. denied*, 297 N.C. 299, 254 S.E. 2d 925 (1979). However, the purpose of the Code is to establish minimum standards, materials, designs, and construction of buildings for the safety of the occupants, their neighbors, and the public at large. G.S. 143-138(b). Whether or not a building meets these standards, though not determinative of the issue of negligence, has some probative value as to whether or not defendant failed to keep his store in a reasonably safe condition. *See Pasour v. Pierce*, 76 N.C. App. 364, 368-369, 333 S.E. 2d 314, 317-318 (1985), *disc rev. denied*, 315 N.C. 589, 341 S.E. 2d 28 (1986). Moreover, to rebut Mr. Williams' testimony, defendant was able to present testimony and photographic evidence to show that the stairs were in conformity with the Code.

[4] At trial, plaintiff offered into evidence for illustrative purposes photographs of the stairway in defendant's store taken in 1984 and in 1986, as well as a diagram drawn just before trial by Mr. Williams. Defendant contends that these illustrations were inadmissible because plaintiff failed to present sufficient foundation evidence that they accurately depicted the stairs at the time of plaintiff's fall. We disagree with this contention.

To authenticate the exhibits at trial, plaintiff's son testified on voir dire that all of the photographs as well as the diagram were fair and accurate representations of the stairway at the time of plaintiff's fall on 30 June 1984. On cross-examination, counsel for defendants attempted to elicit testimony from the witness that the later photographs and the diagram differed from the earlier photographs because a portion of the handrail on one side near the top of the steps had been cut off. The witness admitted that the most recent photographs showed the railing did not reach the top of the stairs, but denied that the earlier photographs showed a complete railing.

Plaintiff's expert, Mr. Williams, stated that he could not tell from the earlier photographs whether at that time the railing reached the top of the stairs, but asserted that all of the photographs and the diagram accurately represented the stairway when he saw it just prior to trial. Mr. Williams' diagram showed the stairs with the disputed portion of handrail sketched in with a broken line. On cross-examination, defendant testified that the only inaccuracy in the later photographs was the missing piece of handrail; that otherwise all of the photographs accurately represented the stairs at the time of plaintiff's fall.

Exhibits such as diagrams and photographs used to illustrate testimony about the scene of an accident must be identified as accurate before they may be properly introduced into evidence. *Sizemore v. Raxter*, 73 N.C. App. 531, 537, 327 S.E. 2d 258, 262-263, *aff'd per curiam*, 314 N.C. 527, 334 S.E. 2d 391 (1985); *Kepley v. Kirk*, 191 N.C. 690, 693, 132 S.E. 788, 790 (1926). *See also*, 1 Brandis on North Carolina Evidence § 34 (1982). Ordinarily, testimony that the exhibit is a fair and accurate portrayal of the scene at the time of the accident is sufficient to satisfy this requirement. *Sizemore v. Raxter*, 73 N.C. App. at 537, 327 S.E. 2d at 262-263; *Kepley v. Kirk*, 191 N.C. at 693, 132 S.E. at 790.

Authentication does not, however, require strict, mathematical accuracy, and a lack of accuracy will generally go to the weight and not the admissibility of the exhibit. *Kepley v. Kirk*, 191 N.C. at 193, 132 S.E. at 790. *See also Coach Co. v. Motor Lines*, 229 N.C. 650, 50 S.E. 2d 909 (1948). Exhibits illustrating testimony about the scene of an accident do not need to have been made at the exact time at which the accident took place.

*See, e.g., Sizemore v. Raxter, supra* (photograph of scene taken two years after accident); *Kepley v. Kirk, supra* (map of scene made one year after accident). *See also,* 1 Brandis on North Carolina Evidence § 34 (1982). When there is conflicting evidence as to the similarity of conditions at the time of the accident and conditions at the time the exhibits were made, the admissibility of illustrative exhibits is a matter within the sound discretion of the trial judge. *Pearson v. Luther,* 212 N.C. 412, 425, 193 S.E. 739, 747 (1937). We find no abuse of that discretion here.

Defendant's last assignments of error involve the trial judge's instructions to the jury concerning plaintiff's burden of proof and mortuary tables not in evidence.

[5] Defendant first contends that the court erred by not instructing the jury "that if they are unable to determine where the truth lies, it would be their duty to find against the party with the burden of proof." The court did give the following instruction to the jury:

> If you are so persuaded, then it would be your duty to answer the issue in favor of the party with the burden of proof. If you are not so persuaded, *or if you are unable to say what the truth is, it would be your duty to answer the issue against the party with the burden of proof.*

(Emphasis added.)

We cannot see any appreciable difference between what defendant contends the charge should have been and the instruction actually given by the trial judge. This assignment of error is overruled.

[6] At trial, plaintiff presented evidence that plaintiff suffered permanent damage to her knee as a result of her fall. Regarding plaintiff's alleged permanent disability, the trial judge instructed the jury in relevant part as follows:

> Now, in this case the Plaintiff has offered evidence tending to show that her injury is permanent, that is, that the effects of the injury will continue throughout the Plaintiff's life. If you find by the greater weight of the evidence that the injury is permanent, and that such injury was proximately caused by the Defendant's negligence, then what is fair

compensation to the Plaintiff will depend in part on the Plaintiff's life expectancy, that is, how much longer she may reasonably expect to live. This is to be considered by you in determining what is fair compensation for those elements of damage which you find by the greater weight of the evidence will continue throughout the Plaintiff's life, such as the partial loss of use of her knee.

The Mortuary Tables are in evidence. They show that for one of the Plaintiff's age, her life expectancy is 15.2 years. In determining her life expectancy you will consider, not only this evidence, but also all other evidence as to her health, her constitution and her habits.

Mortuary tables are statutory in North Carolina. G.S. 8-46. Our Courts have held that as such, mortuary tables need not be introduced into evidence, but may receive judicial notice when facts are in evidence requiring or permitting their application. *Chandler v. Chemical Co.*, 270 N.C. 395, 400, 154 S.E. 2d 502, 506 (1967); *Rector v. James*, 41 N.C. App. 267, 272, 254 S.E. 2d 633, 637 (1979). In the case before us, the trial judge properly instructed the jury as to life expectancy on the issue of permanent injury raised by plaintiff's evidence.

Therefore, for the reasons stated above, we find

No error.

Judges EAGLES and MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.