ALICE BELL SEBRELL AND HUSBAND, J. EMMETT SEBRELL, DANIEL L. BELL, JR. AND WIFE, MARY ANN BELL, ELIZABETH McLIN BELL, UN-MARRIED, SUSAN JUNE PEOPLES TRAGESER AND HUSBAND, PAUL JOSEPH TRAGESER, JR., SIEWERS ANNE TROGDON AND HUSBAND, WILLIAM JOSEPH TROGDON v. ALLIE W. CARTER AND WIFE, MONTINE C. CARTER

No. 9115SC239

(Filed 4 February 1992)

1. **Adverse Possession § 8 (NCI4th) — mistaken belief of title — instruction on "conscious doubt"**

   The trial court did not err in instructing the jury that the intent to claim title element of adverse possession is met if defendants took possession under a mistaken belief as to the true boundary between their property and plaintiffs' prop-

erty and that this element is not met if the defendants had "conscious doubt" concerning the state of title.

**Am Jur 2d, Adverse Possession §§ 1, 9, 57, 322.**

**Adverse possession involving ignorance or mistake as to boundaries — modern views. 80 ALR2d 1171.**

2. **Adverse Possession § 8 (NCI4th) — possession not adverse — sufficiency of evidence**

The evidence was sufficient to support the jury's verdict finding that defendants did not acquire title by adverse possession to the 167 acres in dispute where both defendants testified that they were informed at a bank of the possibility that they did not have record title to this land, and one defendant testified that "if [the property] belonged to somebody we wanted to know and if we could buy it from them we would buy it from them."

**Am Jur 2d, Adverse Possession § 318.**

APPEAL by defendants from judgment entered 2 November 1990 by *Judge Marvin Gray* in CHATHAM County Superior Court. Heard in the Court of Appeals 4 December 1991.

Plaintiffs filed an action to quiet title to 203 acres in Chatham County on 13 April 1989. Defendants asserted adverse possession to 167 acres by survey. The jury decided in favor of the plaintiffs. Defendants appeal.

*Holleman and Stam, by Paul Stam, Jr., for plaintiffs-appellees.*

*Wishart, Norris, Henninger & Pittman, P.A., by Robert J. Wishart, June K. Allison and Elizabeth Leonard McKay, for defendants-appellants.*

LEWIS, Judge.

[1] Defendant-appellants assign error to the trial court's instruction to the jury that defendants' possession of the property in question must have been with an intent to claim title to the land occupied to support a finding of adverse possession. The judge instructed the jury in part as follows:

First, there must have been an actual possession of the 167 acres. Second, the possession must have been hostile to the

true owner exclusive by the defendants. Third, the possession must have been own [sic] and notorious and must have been under known and visible lines and boundaries. Fourth, the possession must have been continuous and uninterrupted for 20 years. And fifth, the possession must have been with an intent to claim title to the land occupied.

. . . [As for the fifth element], the possession must have been with an intent to claim title to the land occupied. A conscious intention to claim title to the land of the true owner is necessary to make out adverse possession. If the defendants acted under a mistake as to [the] true boundary between their property and that of the plaintiffs,' then possession under mistake may satisfy this element if all other elements of their claim have been satisfied. But if they consciously [doubted] that title and for a portion of the period did not intend to claim title then their possession is not adverse.

Defendants objected to the trial court's description of the fifth element of adverse possession. Defendants argue that the trial court's description of the fifth element of adverse possession was changed in 1985 by the Supreme Court in *Walls v. Grohman*, 315 N.C. 239, 337 S.E.2d 556 (1985). The Court stated in *Walls* that:

When a landowner, acting under a mistake as to the true boundary between his property and that of another, takes possession of the land believing it to be his own and claims title thereto, his possession and claim of title is adverse. If such adverse possession meets all other requirements and continues for the requisite statutory period, the claimant acquires title by adverse possession even though the claim of title is founded on a mistake.

*Id.* at 249, 337 S.E.2d at 562. *Walls* states that this fifth condition of adverse possession is met either when the possessor takes possession knowing that the title belongs to another, or takes possession based on the mistaken belief that title belongs to him. *Id.* In the case at bar, the judge instructed the jury as such and added that the fifth condition would not be satisfied if the plaintiff had "conscious doubt" concerning the state of the title. In *Walls*, the Supreme Court wrote that:

Where an occupant of land is in doubt as to the location of the true line it is reasonable to inquire as to his state of

mind in occupying the land in dispute, and if, having such doubt, he intends to hold the disputed area only if that area is included in the land described in his deed, then it is reasonable to say that the requisite hostility is lacking; but if the occupation of the disputed area is under a mistaken belief that it is included in the description in his deed—a state of mind sometimes described as pure mistake to distinguish it from the cases of conscious doubt—then his possession is adverse.

*Id.* at 246, 337 S.E.2d at 560. The trial court's instruction, therefore, adequately distinguished "conscious doubt" from the state of mind necessary to satisfy the fifth condition for adverse possession. We therefore overrule this assignment of error.

[2] The defendants' second assignment of error is that the trial court erred in denying defendants' motion for a new trial on the ground of insufficiency of the evidence to justify the verdict. The standard of appellate review for denial of a Rule 59 motion to set aside the verdict of a jury is abuse of discretion. *Thomas v. Dixson*, 88 N.C. App. 337, 363 S.E.2d 209 (1988). As stated above, the presence of conscious doubt undermines the state of mind necessary to establish that the occupation was "hostile." *Walls v. Grohman*, 315 N.C. 239, 337 S.E.2d 556 (1985). Both defendants testified that they were informed at a bank of the possibility they might not have record title to the land in dispute. Defendant Montine Carter testified that "if [the property] belonged to somebody we wanted to know and if we could buy it from them we would buy it from them." We conclude that the trial court was correct in denying a motion to set aside the verdict for insufficiency of the evidence.

The judgment of the trial court is therefore

Affirmed.

Judges WELLS and WALKER concur.