***********
This is a claim to set aside a Form 26 Supplemental Agreement in an accepted worker's compensation case. Plaintiff Lionel Lewis injured his back on February 23, 1990. Defendants accepted the claim and began paying temporary total disability and medical benefits, but did not file a Form 21 Agreement immediately, as Industrial Commission procedure then directed. On October 10, 1991, a Form 26 Supplemental Agreement was approved by the Industrial Commission, awarding plaintiff benefits for a permanent partial disability of his back (despite the fact that plaintiff had been unable to return to any work, and that employer had terminated his job because of work restrictions). On October 31, 1991, the Commission approved a Form 21 Agreement accepting liability by defendants.
On May 14, 1992, plaintiff filed a Request for Hearing on the ground that he had suffered a substantial change of condition, entitling him to more than permanent partial disability benefits. Deputy Commissioner Morgan Chapman denied plaintiff's claim for change of condition. The Full Commission affirmed. The Court of Appeals affirmed the holding of the Commission. Lewis v. CravenRegional Medical Ctr., 122 N.C. App. 143, 468 S.E.2d 269 (1996) (hereafter "Lewis I"). However, Judge Green writing for the Court expressly stated that the issue of the fairness of the Form 26 Agreement was not addressed and that plaintiff could file a motion to set aside the Form 26 Agreement under Vernon v. StevenL. Mabe Builders, 336 N.C. 425, 432, 444 S.E.2d 191, 195 (1994).
Plaintiff filed a Motion to Set Aside the Form 26 and filed a Request for Hearing on the ground that the Form 26 Agreement had been improvidently approved by the Commission. The case was set for hearing by the same Deputy Commissioner who had denied plaintiff's previous claim. Plaintiff's Motion for Recusal was denied by the Deputy Comissioner in a letter accusing counsel of "judge shopping." Following a hearing at which additionalevidence was received, the Deputy Commissioner again ruled against plaintiff.
Plaintiff appealed. The Full Commission reversed the Deputy Commissioner, concluding the Form 26 Agreement had not been fair to plaintiff at the time entered and was improvidently approved by the Commission. The Commission also awarded ongoing temporary total disability benefits, effectively restoring the status quo. Defendants appealed to the Court of Appeals. Plaintiff filed Cross-Assignments of Error.
The Court of Appeals, Judge Greene writing again for the majority, this time held, inter alia, that the Industrial Commission was collaterally estopped from addressing the issue of total disability as it related to the Form 26 Agreement despite having stated in Lewis I that the issue of the Form 26 was not addressed. Lewis v. Craven Regional Medical Ctr., N.C. App.518 S.E.2d 1 (1999) (Lewis II). Judge Martin joined Judge Greene in the majority opinion. Judge Wynn dissented in favor of plaintiff
Plaintiff appealed. The Supreme Court affirmed per curiam without an opinion. The claim is now on remand pursuant to the opinion of the Court of Appeals. By Order, the Commission allowed submission of new briefs to address the questions on remand.
 *********** FINDINGS OF FACT
1. Plaintiff suffered a herniated disc in his back on February 23, 1990, while working for defendant-employer and could not return to his job. Defendants admitted liability and began paying plaintiff temporary total disability benefits. Defendants later memorialized their acceptance of plaintiff's claim in a Form 21 Agreement.
2. Plaintiff's injury required surgery by Dr. Gerald Pelletier. Plaintiff was released to return to work with light-duty restrictions in November of 1990. Defendants, however, would not allow plaintiff to return to work until he received a full release. As a result, the employer fired plaintiff. Thus, although arguing that plaintiff was capable of some work and thus not entitled to total disability compensation, Craven Regional refused to permit plaintiff to earn wages as its employee, and did not offer or provide any vocational rehabilitation.
3. On January 21, 1991, Dr. Pelletier determined plaintiff had reached maximum medical improvement and assigned a 15% permanent partial disability rating for his back. A little over a week later, around February 4, 1991, defendants offered plaintiff a Form 26 Agreement for payment only of permanent partial disability benefits under N.C. Gen. Stat. § 97-31.
4. Plaintiff had been fired from his job. He had not returned to work with the defendant-employer or any other employer and defendants knew it. No evidence of a single job plaintiff could obtain and keep within his restrictions was presented by defendants at either of the two hearings in this case.
5. Plaintiff signed the Form 26 Agreement for fear of his benefits being terminated under the Form 24 procedure in effect at that time. Such procedure provided for the termination of an injured worker's benefits without a hearing solely upon unverified representations by an insurance company. This procedure has since been held illegal, and was revised by the Commission to be more equitable to injured workers. See Kisiah v.W.R. Kisiah Plumbing, Inc., 124 N.C. App. 72, 79, 476 S.E.2d 434,438 (1996), disc. rev. denied, 345 N.C. 343, 483 S.E.2d 169
(1997).
6. Plaintiff testified he was not aware at the time he signed the Form 26 of his right to a selection of the more favorable benefits under either N.C. Gen. Stat. §§ 97-29, 97-30, or 97-31
under the North Carolina Supreme Court decisions in Whitley v.Columbia Lumber Mfg. Co., 318 N.C. 89, 348 S.E.2d 336 (1986) andGupton v. Builders Transport, 320 N.C. 38, 357 S.E.2d 674 (1987). Although plaintiff had another attorney at the time, the evidence establishes he was not fully informed about this right to an election of benefits. Plaintiff's attorney merely told him his time was running out and he needed to sign the Form 26. Plaintiff trusted his attorney and only signed the Form 26 because he was afraid of his benefits being unilaterally terminated. He needed whatever money he could get to take care of his family. Plaintiff never even saw his attorney at the time he signed the From 26; an assistant had plaintiff sign the forms.
7. Plaintiff has not been able to return to work. He continues to suffer back and leg pain that increases with activity. Plaintiff is functionally illiterate, and the majority of his work experience has been in heavy manual labor. He was found permanently disabled by the Social Security Administration in an independent proceeding.
8. After Lewis I, plaintiff filed a motion and requested a hearing on the issue of the Form 26 Agreement. A second hearing
was held in which new and additional evidence was received regarding plaintiff's medical and employment status at the time the Form 26 was approved. This included certified copies of records on file with the Commission at the time the Form 26 was considered by the Commission. After the second hearing, the Deputy Commissioner again ruled against plaintiff.
9. Plaintiff appealed to the Full Commission. The Full Commission this time reversed the deputy and made several specific findings regarding the issue of disability. The Commission found that plaintiff had not returned to work in any capacity at the time he entered into the Form 26 Agreement. The Commission also found from the undisputed evidence that plaintiff had received no retraining, no job offers, and no vocational rehabilitation from defendants. The Court of Appeals in Lewis II
held that the Full Commission was bound by its findings of fact in Lewis I with respect to plaintiff's ability to work when the Form 26 was signed. What the Court of Appeals majority failed to recognize, however, was that additional evidence had been taken on this issue pursuant to N.C. Gen. Stat. § 97-85, as the Industrial Commission is permitted to do. Lewis II also failed to recognize the Industrial Commission's inherent right to correct its own mistakes. Hogan v. Cone Mills Corp., 315 N.C. 127, 138,337 S.E.2d 477, 483 (1985).
10. The Industrial Commission takes judicial notice that the federal minimum wage in 1991 was $4.25 per hour. There is judicial authority that whether a person can get a job, "cannot be assumed, but must be proved." Bridges v. Linn Corriher Corp.,90 N.C. App. 397, 368 S.E.2d 388 (1988), cert. denied,323 N.C. 171, 373 S.E.2d 104 (1988). However, the Court of Appeals remanded for a finding of whether benefits under N.C. Gen. Stat. § 97-30 would be greater than the benefits received by plaintiff under the Form 26, although there was no wage earning evidence presented. Under these circumstances, it is a reasonable inference that plaintiff could earn the minimum wage of $4.25 per hour if he could get a job in 1991. Certainly there is no indication in the record that plaintiff could earn more than the federal minimum.
11. Where the incapacity for work resulting from the injury is partial, as the Court of Appeals held applicable to this claimant in Lewis II (although the Full Commission had, after additional evidence, found it to be total), the employer shall pay or cause to be paid to the injured employee during such disability a weekly compensation equal to sixty-six and two-thirds percent (66 2/3%) of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earnthereafter, and in no case shall the period covered by such compensation be greater than 300 weeks from the date of injury. N.C. Gen. Stat. § 97-30.
12. The difference between plaintiff's average weekly wage in 1991 of $337.20 and an average weekly wage of $170.00 (40 hours times the minimum wage of $4.25 per hour) is $167.20, and 66 and 2/3 percent of that is $111.46.
13. On the date the Form 26 was approved, plaintiff had approximately 218 weeks remaining of the 300 weeks from the date of injury, under N.C. Gen. Stat. § 97-30. These 218 weeks, multiplied by a wage loss compensation rate of $111.46 per week, yields $24,298.28. Plaintiff received only $10,116.45. Clearly the disability compensation available to plaintiff pursuant to N.C. Gen. Stat. § 97-30 was greater than the disability compensation he received under the Form 26, and the approval of the Form 26 must be set aside.
 ***********
Based upon the foregoing, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Where the compensation available to a claimant under N.C. Gen. Stat. § 97-30 is greater than that awarded pursuant to N.C. Gen. Stat. § 97-31, the Form 26 agreement awarding the lesser amount must be set aside. Lewis II.
2. Defendants' arguments to the contrary notwithstanding, the statute bases compensation pursuant to N.C. Gen. Stat. § 97-30 on the compensation a claimant is able to earn rather than on actualearnings. N.C. Gen. Stat. § 97-30.
3. The Industrial Commission may take judicial notice of the federal minimum wage. Chandler v. Moreland Chem. Co.,270 N.C. 395, 154 S.E.2d 502 (1967); and Thomas v. Dixson,88 N.C. App. 337, 363 S.E.2d 209 (1988) (finding that the mortuary table is statutory and need not be introduced in evidence, but may receive judicial notice when facts are in evidence requiring or permitting its application).
4. The Industrial Commission may find facts based upon reasonable inferences from other facts of record. Adams vs. AVXCorp., 349 N.C. 676, 509 S.E.2d 411 (1998), citing Doggett v.South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney fee set forth below, defendants shall pay to plaintiff the sum of $14,181.83, the difference defendants paid to plaintiff under the Form 26 of $10,116.45 and the $24,298.28 due plaintiff pursuant to N.C. Gen. Stat. § 97-30.
2. Defendants shall pay directly to plaintiff's attorney as a reasonable fee in behalf of plaintiff $3,545.46 of the $14,181.83 otherwise due plaintiff.
3. Defendants shall pay the costs.
This 25th day of May 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER