THOMAS WAYNE MIMS v. JOURDAN COLUMBUS DIXON.

(Filed 13 December, 1967.)

**1. Automobiles § 19—**

An accident occurring when plaintiff's vehicle, traveling east, turned right into an intersection and, just as the turn was being completed, was struck by defendant's vehicle, which had approached from the opposite direction and was making a left turn into the same street, occurs within an intersection, G.S. 20-38(12), notwithstanding that the extension of the street upon which plaintiff was traveling was a number of feet southeast of the intersecting street.

MIMS *v.* DIXON.

**2. Trial § 21—**

On motion to nonsuit, plaintiff's evidence must be taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence, and defendant's evidence which tends to impeach or contradict plaintiff's evidence will not be considered.

**3. Automobiles § 79—**

Plaintiff's evidence tending to show that he made a right turn into an intersecting street and that after he was in the intersection defendant's car, which had approached from the opposite direction, made a left turn into the intersecting street and collided with plaintiff's car, *held* to take the issue of negligence to the jury. G.S. 20-155(b).

**4. Automobiles § 8—**

Whether a motorist, at a given time, is keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact to be determined by a jury.

**5. Negligence § 26—**

Nonsuit on the ground of contributory negligence should be denied when the relevant facts are in dispute or opposing inferences are permissible from plaintiff's proof, but may be properly entered only when plaintiff's own evidence establishes this defense as the sole reasonable conclusion.

**6. Automobiles § 79—**

Plaintiff made a right turn into an intersecting street and defendant, who had approached from the opposite direction, made a left turn into the same street and collided with plaintiff's car after plaintiff's car was in the intersection and was just completing the right turn. *Held:* Plaintiff's evidence does not disclose contributory negligence on his part as a matter of law.

APPEAL by defendant from *Carr, J.,* June 1967 Civil Session of DURHAM.

Action *ex delicto* growing out of an automobile collision in which plaintiff seeks to recover $450 for damages to his automobile and for being deprived of its use, and also asks for a reasonable allowance for attorney's services in the action.

Plaintiff instituted this action in the Durham County civil court and, with the establishment of the District Court of Durham County, this action was transferred to the District Court. This action was heard at the 16 January 1967 Civil Session of the civil division, District Court of Durham County, and the following issues were submitted to the jury and answered as indicated:

"1. Was the plaintiff damaged by the negligence of the defendant as alleged in the complaint?

"ANSWER: Yes.

"2. Did the plaintiff, by his own negligence, contribute to his damages as alleged in the answer?
"ANSWER: No.

"3. What amount, if any, is the plaintiff entitled to recover of the defendants?
"ANSWER: $450.00."

Thomas H. Lee, Judge Presiding, entered judgment in accordance with the verdict; and in his judgment provided that the defendant shall pay $250 as a reasonable attorney's fee as provided by G.S. 6-21.1 to plaintiff's attorney to be taxed as part of the costs. From the judgment entered, defendant appealed to the Superior Court which, by virtue of the provisions of G.S. 7A-280, has "appelate jurisdiction in civil cases to review for error of law or legal inference: (1) Every final judgment of the district courts of their respective judicial districts. . . ."

The appeal came on to be heard before Carr, J., at the June 1967 Civil Session of Durham County. Judge Carr entered an order affirming the judgment of the District Court of Durham County and certifying the case back to that court for compliance by the defendant with said judgment of the District Court Division. Judge Carr's order recited in substance that the appeal was heard in the Superior Court by him; and that after considering the briefs filed therein, the nature of the controversy, and the arguments of counsel, he was of opinion that the judgment rendered in the District Court Division of the General Court of Justice, Durham County, should be affirmed.

From this judgment, defendant appealed to the Supreme Court.

*Bryant, Lipton, Bryant & Battle by Alfred S. Bryant for defendant appellant.*
*Blackwell M. Brogden for plaintiff appellee.*

PER CURIAM. When the case was tried in the District Court, both parties offered evidence. Defendant's sole assignment of error is that Judge Carr erred in affirming the District Court's overruling of his motion for judgment of compulsory nonsuit made at the close of all the evidence in the District Court. Defendant contends that the plaintiff has no evidence tending to show negligence on the part of the defendant, but if he has, then plaintiff's evidence leads to the unescapable conclusion that plaintiff is guilty of contributory negligence.

Plaintiff alleged in substance and offered evidence tending to show that at about 4:05 p.m. on 8 February 1964 he was operating his Chevrolet automobile proceeding in an easterly direction along

Main Street in the city of Durham, approaching the intersection of Main Street and Maple Street; that he ascertained that the roadway was clear for him to proceed and he did proceed to make a right turn from Main Street into Maple Street in order to continue in a southerly direction; that, as he was turning from Main Street into Maple Street, defendant, who had been operating his motor vehicle in a westerly direction along Main Street, approached the same intersection and proceeded to enter it and make a left turn into Maple Street, and by so doing did strike the left side of plaintiff's automobile with force and violence forcing it off the traveled portion of Main Street up onto the curb and property on the western side of Maple Street. Plaintiff further alleged and supported with evidence that on 8 February 1964 the intersection of Main Street with Maple Street at the point of the collision was not a so-called square intersection, since that portion of Main Street west of Maple Street is offset to the south from that portion of Main Street east of Maple Street, and that portion of Main Street west of the intersection of Maple Street, from which plaintiff was turning, is a considerable number of feet south of that portion of Main Street from which defendant was turning; that at this intersection the roadway was of blacktop construction, dry, and the weather was clear and the sun was shining from the west; that the defendant was negligent in this respect: (1) He did fail to keep a proper lookout for other vehicles on the roadway ahead of him; (2) he did change the course of travel of his motor vehicle by making a left turn without first ascertaining that such movement could be made in safety; and (3) he did fail to yield the right of way to another motor vehicle which had established itself within the intersection; and that the negligence of defendant in the operation of his car was the sole proximate cause of the collision and damage to plaintiff's automobile. Plaintiff's evidence tended to show the following facts: That there is no traffic control for vehicles in this intersection; that defendant said at the time and scene of the collision to an officer that he was blinded by the sun and he did not see plaintiff's automobile. Plaintiff testified in substance that as he approached the intersection he looked to his left and was able to see across the intersection and down into Main Street east of the intersection; that the last time he looked to the left was just before he took his eyes off the street and got ready to turn; that before the accident he looked the defendant's way and it was clear, and that he first saw the defendant out of the corner of his eye a second before the impact; that he was going anywhere from "7, 8, 9, or 10 miles an hour." The right front of defendant's car struck the left front of plaintiff's car. Plaintiff's car was hit on

the left as he was making a right turn into South Maple Street. He was fixing to straighten up on Maple Street when he was hit.

It seems clear that the collision occurred within the terms of the definition of an intersection set forth in G.S. 20-38(12). *Goss v. Williams,* 196 N.C. 213, 145 S.E. 169.

Defendant testified that he was in the intersection first and was not blinded by the sun. It is hornbook law that defendant's evidence which tends to impeach or contradict plaintiff's evidence will not be considered on a motion for judgment of compulsory nonsuit. 4 Strong's N. C. Index, Trial, § 21.

Taking plaintiff's evidence as true and considering it in the light most favorable to him, and giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence, 4 Strong's N. C. Index, Trial, § 21, it would permit a jury to find that defendant drove into this intersection of Main Street and Maple Street when plaintiff was in the intersection first, G.S. 20-155(b), when defendant was blinded by the sun and could not keep a proper lookout for other vehicles on the roadway ahead of him, and that he failed to allow the right of way to another motor vehicle which had established itself within the intersection before he entered, G.S. 20-155(b), and that the defendant was guilty of actionable negligence.

Whether a motorist, at a given time, was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact to be determined by a jury. *Peeden v. Tait,* 254 N.C. 489, 119 S.E. 2d 450. Whether a nonsuit on the ground of contributory negligence should be granted or whether the issues should be submitted to the jury must be determined in accordance with the facts of each particular case. *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825. Nonsuit on the issue of contributory negligence should be denied when the relevant facts are in dispute or opposing inferences are permissible from plaintiff's proof. 3 Strong's N. C. Index, Negligence, § 26. The evidence favorable to plaintiff must be taken as true and considered in the light most favorable to plaintiff. Strong, *ibid.* Since the burden of proof on the issue of contributory negligence is upon defendant, nonsuit on the ground of contributory negligence should be allowed only when plaintiff's own evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom. Strong, *ibid.* Considering plaintiff's evidence in the light of the accepted rule in passing upon a motion for judgment of compulsory nonsuit on the ground of plaintiff's contributory negligence, it is our opinion, and we so hold, that plaintiff has not proved himself out of

court. *Lincoln v. R. R.*, 207 N.C. 787, 178 S.E. 601. The court properly submitted the case to the jury.

The judgment of Judge Carr is
Affirmed.