BENJAMIN F. WADE v. CARL LESLIE GROOMS, JR.

No. 7728SC777

(Filed 1 August 1978)

1. **Automobiles §§ 38, 78; Highways and Cartways § 3— SBI agent pursuing vehicle—violation of rules of road—no contributory negligence as matter of law**

   In an action to recover for injuries suffered by plaintiff SBI agent when his automobile collided with a pickup truck while in pursuit of defendant, who had just robbed a bank, plaintiff's evidence that the accident occurred when plaintiff attempted to negotiate a curve at a high rate of speed while his vehicle was approximately 50% across the center line did not show that plaintiff was contributorily negligent as a matter of law, since law enforcement officers are not to be deemed negligent merely for failure to observe the rules of the road while engaged in the pursuit of lawbreakers; however, such evidence supported the submission of an issue of contributory negligence to the jury.

2. **Automobiles § 90.1— SBI agent in pursuit of vehicle—violation of rules of road—instructions on contributory negligence**

   In an action to recover for injuries suffered by plaintiff SBI agent when his automobile collided with a pickup truck while in pursuit of defendant after defendant had robbed a bank, the trial court erred in instructing the jury that plaintiff was contributorily negligent if he violated rules of the road relating to reasonable lookout, exceeding safe speed, passing oncoming vehicles on the right, and driving over the center line, since a law enforcement officer is not deemed negligent merely for failure to observe rules of the road while engaged in the pursuit of lawbreakers.

APPEAL by plaintiff from *Kirby, Judge*. Judgment entered 28 June 1977 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 21 June 1978.

Action for damages for personal injuries suffered by plaintiff, at the time an SBI agent, who was injured when the automobile he was driving wrecked while in pursuit of defendant, who had just robbed a bank.

Evidence for the plaintiff tended to relate details of plaintiff's pursuit of defendant, including, *inter alia*, that the blue lights and siren on plaintiff's vehicle were operating; that plaintiff pursued defendant at high speed on Interstate highway 26, highway 64, through Hendersonville, and onto Clear Creek Road, a rural paved road with hills and curves; that both vehicles were traveling 60 m.p.h. or faster on Clear Creek Road, and plaintiff's vehicle was 100-150 feet behind defendant's vehicle; that at a righthand curve in the road, defendant's vehicle crossed the oncoming lane and disappeared off the road into a cloud of dust; that at that point plaintiff's vehicle was approximately 50% across the center dividing line in the road; that an on-coming pickup truck appeared as plaintiff approached the curve; that the pickup truck was partially in both lanes of the road; that plaintiff turned his vehicle to the left, and the pickup truck turned to its right; that plaintiff collided with the pickup truck and plaintiff's vehicle eventually came to rest in an open field; that the disappearance of defendant's vehicle and the appearance of the pickup truck were almost instantaneous, and the collision "occurred immediately thereafter within a split second or seconds. . . ."

Defendant's evidence consisted of the testimony of Mrs. Claire Swayngim, the driver of the pickup truck, to the effect that at no time prior to the collision was she in the opposing lane of the road, nor did she steer from one side of the road to the other prior to the collision.

The issues presented to and answered by the jury were as follows:

(1) Was the plaintiff injured and damaged as the result of the negligence of the defendant, as alleged in the complaint?

Answer: Yes

(2) If so, did the plaintiff by his own negligence contribute to his injury and damage, as alleged in the answer?

Answer: Yes

By virtue of its answer to the second issue, the jury did not reach the third issue, relating to damages.

From judgment that plaintiff take nothing from the action, plaintiff appealed. Defendant has cross-assigned error to the denial of his motion for directed verdict.

*Dennis J. Winner, and Byrd, Byrd, Ervin & Blanton, by Robert B. Byrd, for the plaintiff.*

*Roberts, Cogburn and Williams, by Landon Roberts and James W. Williams, for the defendant.*

BROCK, Chief Judge.

[1] We deal first with defendant's cross-assignment of error to the denial of his motion for directed verdict. Defendant contends that plaintiff's evidence, taken in the light most favorable to him, showed that plaintiff was traveling at a high rate of speed, on a rural road with hills and curves; that plaintiff attempted to negotiate a curve at a high rate of speed while his vehicle was approximately 50% across the center line at a place where he had no view of on-coming traffic. Thus, argues defendant, plaintiff's evidence shows contributory negligence as a matter of law. We disagree.

The standard of negligence by which plaintiff's conduct in this case is to be measured is that of a reasonably prudent man engaged in the discharge of official duties of a like nature under like circumstances. *Goddard v. Williams,* 251 N.C. 128, 110 S.E. 2d 820 (1959); *Collins v. Christenberry,* 6 N.C. App. 504, 170 S.E. 2d 515 (1969). Defendant points out that plaintiff's testimony indicates a violation of G.S. 20-146, pertaining to driving on the right side of the highway, and that such violation is negligence *per se.* However, the principle urged by defendant is not applicable to law enforcement officers, who are not to be deemed negligent merely for failure to observe the rules of the road while engaged in the pursuit of lawbreakers. *Goddard v. Williams, supra; Collins v. Christenberry, supra.*

We are not prepared to say that plaintiff's testimony established contributory negligence as a matter of law. Plaintiff was under a duty to attempt to apprehend the defendant; in performance of that duty plaintiff was forced to engage in a high-speed chase involving danger of an accident. Consequently, it was for the jury to decide whether plaintiff exercised such care as a prudent man would exercise in the discharge of official duties of a like nature under like circumstances. The trial court properly denied defendant's motion for directed verdict. Defendant's cross-assignment of error is overruled.

Plaintiff first argues his assignments of error numbers 1 and 3, contending that there was no evidence to support submission to the jury of the issue of plaintiff's contributory negligence. These assignments of error require little discussion. Plaintiff's own evidence was sufficient to raise a question of fact as to whether his conduct satisfied the applicable standard of care as set out *supra*.

[2] For his assignment of error number 2, plaintiff contends that the trial court erred in its charge on the issue of contributory negligence. This assignment of error has merit.

We first note that at one point in his charge, the court instructed the jury properly with regard to the standard of care applicable to a law enforcement officer engaged in the discharge of his official duties. However, the court then proceeded to instruct the jury with respect to violation of various rules of the road, to wit: failure to keep a reasonable lookout, failure to maintain proper control of vehicle, reckless driving, driving at a speed greater than reasonable and prudent under existing conditions, failure to pass on-coming vehicle on the right, and driving over the center line. The jury was told, in each instance, that violation of these rules constituted negligence, and in the final mandate, the jury was instructed that if they found the plaintiff was negligent in failing to follow one or more of these rules of the road, they would find plaintiff contributorily negligent. These instructions were clearly erroneous, since, as noted *supra*, a law enforcement officer is not to be deemed negligent merely for failure to observe rules of the road.

We cannot hold this error harmless, for although the jury had been instructed correctly at one point as to the standard of

care applicable to the plaintiff, the very real possibility exists that the jury found plaintiff contributorily negligent solely by virtue of his failure to observe one or more of the rules of the road. *See Kinney v. Goley*, 4 N.C. App. 325, 167 S.E. 2d 97 (1969). Plaintiff was entitled to instructions requiring the jury should they find from the evidence that one or more of the rules of the road were violated, to consider such violation(s) along with all other facts and circumstances, and decide whether plaintiff breached the duty of care applicable to a law enforcement officer engaged in the discharge of his official duties.

For errors in the judge's charge to the jury, plaintiff is entitled to a

New trial.

Judges CLARK and WEBB concur.