**DELAPPE v. CRAIG**

[107 N.C. App. 618 (1992)]

FRED B. DELAPPE, PLAINTIFF v. THOMAS H. CRAIG, SR. AND NEWTON TRANSPORTATION COMPANY, INC., DEFENDANTS

No. 9118DC878

(Filed 6 October 1992)

**Automobiles and Other Vehicles § 314 (NCI4th) — telephone wire seen by driver — no attempt to avoid wire — failure to keep reasonable lookout — directed verdict for defendants improper**

The trial court erred in directing verdict for defendants where the testimony of defendant driver clearly showed that, on the day of the accident, he was aware of the presence of a telephone wire, saw the wire, and proceeded to drive his tractor-trailer rig under the wire causing the trailer to collide with the wire and damage plaintiff's building, and a jury could find from this evidence that defendant driver did not keep a reasonable lookout so as to avoid collision with the wire in that, after he saw the wire, he did not take steps to ensure that his vehicle could successfully clear the wire without incident.

**Am Jur 2d, Automobiles and Highway Traffic §§ 414, 762.**

APPEAL by plaintiff from *Morton (J. Bruce), Judge.* Judgment entered 28 June 1991 in District Court, GUILFORD County. Heard in the Court of Appeals 21 September 1992.

This is a civil action wherein plaintiff seeks damages for the negligence of defendants in the operation of a tractor-trailer rig. The evidence tends to show the following:

Plaintiff is the owner of a building in High Point, North Carolina. On 12 May 1990, defendant Craig [hereinafter "defendant driver"] delivered a load of veneer to one of plaintiff's tenants for his employer, defendant Newton Transportation Company, Inc. [hereinafter "defendant employer"]. When defendant driver drove his tractor-trailer rig into plaintiff's parking lot, the trailer caught a telephone wire that crossed the parking lot, attached on one end to a telephone pole on the street in front of plaintiff's building and on the other end to a corner of plaintiff's building. As a result of defendants' trailer colliding with the telephone wire, a portion of plaintiff's wall and roof was "pulled down."

DELAPPE v. CRAIG

[107 N.C. App. 618 (1992)]

At trial, defendant driver testified that he had made deliveries to plaintiff's building in the same tractor-trailer rig on seven previous occasions, and on each occasion, the telephone wire was present, but the trailer successfully cleared the wire. On the day of the accident, defendant-driver testified, "I knew the wire was there. I seen the wire. But as far as anything being different about it, I mean, it didn't look different . . . ." Defendant driver proceeded under the wire as he had done in the past and stopped his vehicle only when he heard the cinder blocks falling off the building. He testified that his trailer "caught" the telephone wire "jerking" the blocks off plaintiff's building.

At the close of plaintiff's evidence, defendants moved for a directed verdict on the grounds that plaintiff had not proven any actionable negligence. The trial judge granted defendants' motion and dismissed the action. Plaintiff appealed.

*Wyatt, Early, Harris, Wheeler & Hauser, by Thomas E. Terrell, Jr., for plaintiff, appellant.*

*Henson Henson Bayliss & Sue, by Gary K. Sue, and James H. Slaughter, for defendants, appellees.*

HEDRICK, Chief Judge.

The sole question raised on appeal is whether the trial court erred in directing a verdict for defendants. Plaintiff argues that the evidence, when considered in the light most favorable to him, is sufficient to raise a question for the jury as to whether defendants were negligent in any way in the operation of their tractor-trailer rig and whether such negligence was a proximate cause of the damages done to plaintiff's building. We agree.

In *Bowen v. Gardner*, 275 N.C. 363, 168 S.E.2d 47 (1969), the Supreme Court stated:

> 'It is a general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision . . . .' It is the duty of a driver not merely to look but to keep a lookout in the direction of travel; 'and he is held to the duty of seeing what he ought to have seen.'

*Id.* at 367, 168 S.E.2d at 51, *quoting Adams v. Service Co.*, 237 N.C. 136, 141, 74 S.E.2d 332, 336, (1953), and *Wall v. Bain*, 222 N.C. 375, 379, 23 S.E.2d 330, 333 (1942). Whether the operator of a motor vehicle was keeping a reasonably careful lookout to avoid danger is an issue of fact to be determined by the jury. *Mims v. Dixon*, 272 N.C. 256, 158 S.E.2d 91 (1967); *Peeden v. Tait*, 254 N.C. 489, 119 S.E.2d 450 (1961).

In the present case, the testimony of defendant driver clearly shows that on the day of the accident, he was aware of the presence of the telephone wire, he saw the wire and he proceeded to drive his tractor-trailer rig under the wire causing the trailer to collide with the wire and damage plaintiff's building. From this evidence, a jury could find that defendant driver did not "keep a reasonabl[e] lookout so as to avoid collision" with the wire in that after he saw the wire he did not take steps to insure that his vehicle could successfully clear the wire without incident. Considering the evidence in the light most favorable to plaintiff, sufficient evidence was presented from which the jury could infer defendants' negligence in the operation of the tractor-trailer rig. The trial court, therefore, erred in directing a verdict for defendants, and the judgment of the trial court must be reversed.

Reversed.

Judges LEWIS and WYNN concur.