JOAN TUCKER CORNS v. HARVEY JESS HALL

No. 9217SC928

(Filed 5 October 1993)

1. **Automobiles and Other Vehicles §§ 829, 542 (NCI4th) — pedestrian struck in shopping center parking lot — public vehicular area**

The area where an accident occurred was a public vehicular area and not a roadway where plaintiff was struck by defendant's pickup truck as she and her husband left a Food Lion grocery store in a typical strip shopping center; there was a paved area approximately thirty feet wide between the stores

and the parking lot; and that area consisted of a ten foot wide parcel pick-up lane immediately in front of the store and a twenty foot wide traffic lane. Although the lot was held open for use by the public, there is no evidence in this record that the general public has a legally enforceable right to use the lot and, because the parking lot is not open to the use of the general public as a matter of legal right, the lot is not a highway as defined in N.C.G.S. § 20-4.01(13) and therefore cannot be a roadway. N.C.G.S. § 20-4.01(32).

**Am Jur 2d, Automobiles and Highway Traffic §§ 477, 478.**

2. **Automobiles § 542 (NCI4th) — pedestrian struck in traffic lane at shopping center — duty of care of pedestrian**

The trial court erred in an automobile negligence case by instructing the jury that plaintiff pedestrian was required to yield the right of way under N.C.G.S. § 20-174(a). That statute was inapplicable because plaintiff was crossing a public vehicular area rather than a roadway. No North Carolina statutory or case law was found describing the duty of care required of a pedestrian crossing a public vehicular area; under the common law, pedestrians have a duty to maintain a lookout when crossing an area where vehicles travel and a duty to exercise reasonable care for their own safety.

**Am Jur 2d, Automobiles and Highway Traffic §§ 477, 478.**

3. **Automobiles and Other Vehicles § 559 (NCI4th) — contributory negligence — law of state — comparative fault — not adopted**

The doctrine of contributory negligence has been followed in North Carolina since 1869; comparative fault is not the law of this State and it is beyond the Court of Appeals' authority to abandon the doctrine of contributory negligence and adopt the doctrine of comparative fault.

**Am Jur 2d, Automobiles and Highway Traffic §§ 414 et seq., 475.**

4. **Automobiles and Other Vehicles § 613 (NCI4th) — pedestrian struck while in shopping center traffic lane — directed verdict on contributory negligence — evidence not sufficient**

The evidence was not sufficient for a directed verdict on contributory negligence in an action where plaintiff was struck by defendant's pickup truck while walking across a

CORNS v. HALL

[112 N.C. App. 232 (1993)]

traffic lane at a shopping center. Although defendant argues that plaintiff was contributorily negligent because the "inescapable conclusion is that either [plaintiff] did not look at all while crossing the roadway, or despite seeing a pickup truck traveling towards her, she continued to walk towards it without taking any action to avoid the collision," defendant's argument assumes that plaintiff would have seen defendant's vehicle had she looked. That assumption cannot be made on the evidence in this case.

**Am Jur 2d, Automobiles and Highway Traffic § 422.**

Appeal by plaintiff from judgment entered 29 May 1992 in Rockingham County Superior Court by Judge W. Steven Allen. Heard in the Court of Appeals 2 September 1993.

*Donaldson & Horsley, P.A., by William F. Horsley, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by James W. Barkley, for defendant-appellee.*

*Henson Henson Bayliss & Sue, by Gary K. Sue, for unnamed defendant Allstate Insurance Company.*

GREENE, Judge.

Joan Corns (plaintiff) appeals from a verdict entered 29 May 1992 after a jury trial in her negligence action against Harvey Jess Hall (defendant).

The evidence shows that on 20 May 1989, plaintiff was struck by defendant's pickup truck as she and her husband left the Food Lion grocery store in the Summerfield Shopping Center in Summerfield. The Summerfield Shopping Center is a typical "strip" shopping center, with the stores in a single row facing a large parking lot. Between the stores and the parking lot is a paved area approximately thirty feet wide. For a person to get from the store to the parking lot, they must cross this area. The thirty-foot wide area consists of a ten-foot wide parcel pick up lane which is immediately in front of the store, and a twenty-foot wide traffic lane which is bordered on one side by the parcel pick up lane and on the other by the parking lot. The twenty-foot wide traffic lane is used by vehicular traffic to travel to and from the roads leading into the shopping center.

When plaintiff and her husband exited the Food Lion grocery store, plaintiff's husband was ahead of her. Plaintiff's husband crossed the twenty-foot wide traffic lane, and turned to his left to cross the parking lot aisle to where his car was parked. As he turned, he stopped to allow defendant's pickup truck, which was headed toward the twenty-foot wide traffic lane, to pass. As plaintiff's husband crossed the parking lot aisle, he looked back and saw his wife lying on the pavement just south of the middle of the twenty-foot wide traffic lane after having been struck by defendant's vehicle. Plaintiff's husband did not see the collision between defendant's truck and his wife. Plaintiff herself does not recall anything after leaving the grocery store.

Defendant testified that he did not see plaintiff until his truck hit her, that he was travelling about five miles per hour, and that he had travelled five to twelve yards on the twenty-foot wide traffic lane before colliding with plaintiff.

At trial, the court instructed the jury as to N.C. Gen. Stat. § 20-174(a) which requires that any pedestrian crossing a roadway at any point other than a marked crosswalk or unmarked crosswalk at an intersection yield the right-of-way to all vehicles upon the roadway. Plaintiff contends that this instruction was error because the area where this accident occurred was not a roadway within the meaning of Section 20-174(a). Plaintiff also assigns as error the trial court's refusal to instruct the jury on the issue of comparative fault and the trial court's denial of plaintiff's motion to set aside the verdict and award a new trial on the issue of plaintiff's contributory negligence. Defendant cross-assigns as error the trial court's refusal to enter a directed verdict at the close of plaintiff's evidence and at the close of all evidence on the grounds that plaintiff was contributorially negligent as a matter of law.

---

The issues presented are: (I) whether the area where the accident occurred is a roadway within the meaning of N.C.G.S. § 20-174(a), or a public vehicular area within the meaning of N.C.G.S. § 20-4.01(32); (II) if the area in question is a public vehicular area, what duty plaintiff had in regard to defendant's vehicle while crossing the public vehicular area; (III) whether the trial court properly refused to submit the issue of comparative fault to the jury; and (IV) whether plaintiff was contributorially negligent as a matter of law, entitling defendant to a directed verdict.

I

[1]    A public vehicular area is defined in N.C. Gen. Stat. § 20-4.01(32) as:

Any area within the State of North Carolina that is generally open to and used by the public for vehicular traffic, including by way of illustration and not limitation any drive, driveway, road, roadway, street, alley, or parking lot upon the grounds and premises of:

. . .

b. Any service station, drive-in theater, supermarket, store, restaurant, or office building, or any other business, residential, or municipal establishment providing parking space for customers, patrons, or the public; . . .

N.C.G.S. § 20-4.01(32) (1989).

A "roadway" is defined in Section 20-4.01(38) as "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the shoulder." N.C.G.S. § 20-4.01(38) (1989). Section 20-4.01(13) defines a "highway" as "[t]he entire width between property or right-of-way lines of every way or place of whatever nature, *when any part thereof is open to the use of the public as a matter of right* for the purposes of vehicular travel." N.C.G.S. § 20-4.01(13) (1989) (emphasis added).

We agree with plaintiff that the area where this accident occurred is a public vehicular area and not a roadway. The accident occurred in the traffic lane of a parking lot generally open to and used by the public for vehicular traffic upon the premises of a business establishment which provides parking space for its customers. Although the lot was held open for use by the public, there is no evidence in this record that the general public has a legally enforceable right to use the lot. Because the parking lot is not open to the use of the general public as a matter of legal right, the lot is not a highway as defined in Section 20-4.01(13) and therefore cannot be a roadway.

II

[2]    We have found no statute or North Carolina case which specifically describes the duty of care required of a pedestrian crossing a public vehicular area. We therefore apply common law

principles to the facts of this case. Under the common law, pedestrians have a duty to maintain a lookout when crossing an area where vehicles travel and a duty to exercise reasonable care for their own safety. *See* 7A Am. Jur. 2d *Automobiles and Highway Traffic* §§ 463, 480 (1980). Likewise, a motorist operating a vehicle in a public vehicular area has a duty to maintain a lookout and to use the care which a reasonable man would use in like circumstances to avoid injury to another. *See* 7A Am. Jur. 2d *Automobiles and Highway Traffic* §§ 463, 479 (1980); *see also McCall v. Dixie Cartage & Warehousing Inc.*, 272 N.C. 190, 194, 158 S.E.2d 72, 75 (1967) (driver of tractor-trailer required to exercise reasonable care in operating vehicle in loading ramp area of foundry).

The trial court instructed the jury that plaintiff was required to yield the right-of-way to defendant under Section 20-174(a). N.C.G.S. § 20-174(a) (1989). Section 20-174(a), however, is inapplicable to this case because plaintiff was crossing a public vehicular area rather than a roadway. The trial court therefore erred by imposing on plaintiff a duty to yield the right-of-way and by allowing the jury to evaluate plaintiff's conduct using an improper standard of care.

III

[3] The doctrine of contributory negligence has been followed in this State since 1869. *Morrison v. Cornelius*, 63 N.C. 346 (1869). Comparative fault is not the law of this State. The trial court therefore properly refused to submit the issue of comparative fault to the jury, and properly refused to instruct the jury on comparative fault.

Plaintiff urges this Court to abandon the doctrine of contributory negligence and to adopt the doctrine of comparative fault. It is beyond this Court's authority to do so. *See Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985). The doctrine of contributory negligence is part of the law of this State and will remain so until the General Assembly or the Supreme Court decides otherwise.

IV

[4] To support a defendant's motion for a directed verdict on the ground of contributory negligence, the *plaintiff's* evidence must so clearly establish that the plaintiff was negligent that no other reasonable inference or conclusion could be drawn. *Wells v. Johnson*, 269 N.C. 192, 197, 152 S.E.2d 229, 232 (1967). A directed verdict

may not be entered if it is necessary to rely upon the defendant's evidence to establish contributory negligence. *Id.* (citing *Donlop v. Snyder,* 234 N.C. 627, 68 S.E.2d 316 (1951)).

Defendant argues that plaintiff was contributorially negligent because the "inescapable conclusion is that either [plaintiff] did not look at all while crossing the roadway, or despite seeing a pickup truck traveling towards her, she continued to walk towards it without taking any action to avoid the collision." We disagree. Defendant's argument assumes that plaintiff would have seen defendant's vehicle had she looked, an assumption that we cannot make on the evidence in this case. The issue of contributory negligence is therefore for the jury and must be resolved upon a retrial. *See Lamm v. Bissette Realty, Inc.,* 327 N.C. 412, 418, 395 S.E.2d 112, 116 (1990) (issue of contributory negligence is usually question for the jury).

New trial.

Judges EAGLES and LEWIS concur.