STEPHEN BOSLEY, SR. v. R. LEWIS ALEXANDER, JR., Representative of
Mozelle Burchette Bauguess Estate

No. 9323SC133

(Filed 19 April 1994)

**Automobiles and Other Vehicles § 305 (NCI4th) — highway worker —
flagman — struck by auto — contributory negligence — instructions**

The trial court erred in its instructions on contributory
negligence in an action which arose from plaintiff-highway
worker being struck while his back was turned to traffic and
in which the jury found contributory negligence. A road worker
is entitled to a special instruction established in *Kellogg v.
Thomas*, 244 N.C. 722; the proper question is whether plaintiff
exercised reasonable care in view of his work and the sur-
rounding circumstances.

**Am Jur 2d, Automobiles and Highway Traffic § 475.**

Appeal by plaintiff from judgment entered 26 October 1992
by Judge James A. Beaty, Jr. in Wilkes County Superior Court.
Heard in the Court of Appeals 2 December 1993.

*Franklin Smith for the plaintiff-appellant.*

*Everett & Everett, by James A. Everett, for the defendant-
appellee.*

WYNN, Judge.

Plaintiff Stephen Bosley, Sr. appeals from a verdict entered
26 October 1993 in favor of defendant R. Lewis Alexander, repre-
sentative of the estate of Mozelle Burchette Bauguess.

The plaintiff's evidence tended to show the following. Plaintiff
was employed as a flagman in Elkin, North Carolina. On 7 December
1989 he worked as one of four flagmen directing traffic at the
four-way intersection of Oakland Drive, Claremont Drive, and North
Bridge Street while Oakland Drive was being paved. Plaintiff wore
an orange vest, carried an orange sign and faced west on Oakland
Drive with his back to the stoplight at the intersection with North
Bridge Street.

Defendant Mozelle Burchette Baugess drove her 1971 Ford
automobile west on Claremont Drive. Another flagman directed

BOSLEY v. ALEXANDER

[114 N.C. App. 470 (1994)]

her to proceed into the intersection onto Oakland Drive. Defendant then struck plaintiff in the back, thrusting him into the air over her windshield, and into the paving machine. Plaintiff suffered severe injuries to his head and leg. Defendant later told the investigating police officer that she did not see plaintiff when she ran into him.

Defendant's evidence tended to show that prior to the accident, plaintiff walked away from his flag station and his supervisor had instructed him to return to his station. As plaintiff returned to his station with his back to defendant's automobile, she struck him. At the time of the accident, the only oncoming traffic was behind plaintiff, there was no traffic coming towards him.

The trial court instructed the jury on negligence and contributory negligence. The jury found defendant negligent and found plaintiff was contributorily negligent and not entitled to damages. The trial court entered judgment on the verdict. From this judgment, plaintiff appeals.

---

From the outset, we recognize that there are serious questions regarding the validity of the doctrine of contributory negligence as evidenced by the fact that forty-six states have abandoned the doctrine in favor of comparative negligence. *See* Henry Woods, *Comparative Fault* § 1.11 (2nd ed. 1987 and Cum. Supp. 1993); Fowler V. Harper, Fleming James, Jr., and Oscar S. Gray, 4 *The Law of Torts* § 22.1 (2nd ed. 1986 and Cum. Supp. 1993). We further acknowledge that the United States Supreme Court has described contributory negligence as a "discredited doctrine which automatically destroys all claims of injured persons who have contributed to their injuries in any degree, however slight." *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409, 98 L. Ed. 143, 150 (1953). The doctrine of contributory negligence, which is a creature of common law followed in this State since *Morrison v. Cornelius*, 63 N.C. 346 (1869), remains the law of this State until our Supreme Court overrules *Morrison. See Corns v. Hall*, 112 N.C. App. 232, 435 S.E.2d 88 (1993); *see also Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985). It is also clear that although there is no statutory basis for the doctrine of contributory negligence in North Carolina, the General Assembly, in the face of inaction by our Supreme Court, could choose to adopt a system of comparative negligence. *See Corns*, 112 N.C. App. at 237, 435 S.E.2d at 91.

Plaintiff assigns error to the trial court's submission of the issue of contributory negligence to the jury due to the absence of any evidence of contributory negligence. We conclude that there was sufficient evidence to submit the issue of contributory negligence to the jury. In his brief, however, plaintiff argues that as a road worker he is not required to maintain the same lookout as a pedestrian and cites *Kellogg v. Thomas*, 244 N.C. 722, 94 S.E.2d 903 (1956). Although plaintiff did not properly assign error to the trial court's failure to instruct the jury in accordance with the Supreme Court's holding in *Kellogg v. Thomas*, we exercise our discretion to review this issue. N.C.R. App. P. 2; *see State v. Petty*, 100 N.C. App. 465, 397 S.E.2d 337 (1990).

Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). The defendant bears the burden of proving that certain acts or conduct of the plaintiff constituted contributory negligence. *Atkins v. Moye*, 277 N.C. 179, 176 S.E.2d 789 (1970); *Mims v. Dixon*, 272 N.C. 256, 158 S.E.2d 91 (1967). The defendant must prove by the greater weight of the evidence that the plaintiff's negligence was one of the proximate causes of his injury or damages. *Clark v. Bodycombe*, 289 N.C. 246, 221 S.E.2d 506 (1976). The issue of contributory negligence should be submitted to the jury if all the evidence and reasonable inferences drawn therefrom viewed in the light most favorable to the defendant tend to establish or suggest contributory negligence. *Wentz v. Unifi*, 89 N.C. App. 33, 365 S.E.2d 198, *disc. rev. denied*, 322 N.C. 610, 370 S.E.2d 257 (1988). " 'If there is more than a scintilla of evidence, contributory negligence is for the jury.' " *Blankley v. Martin*, 101 N.C. App. 175, 178, 398 S.E.2d 606, 608 (1990) (quoting *Tatum v. Tatum*, 79 N.C. App. 605, 607, 339 S.E.2d 817, 818, *modified and aff'd*, 318 N.C. 407, 348 S.E.2d 813 (1986) ). A finding of contributory negligence is a bar to recovery from a defendant for acts of ordinary negligence. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 423 S.E.2d 72 (1992).

In *Clark v. Roberts*, 263 N.C. 336, 139 S.E.2d 593 (1965), our Supreme Court explained the doctrine of contributory negligence:

Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to

do so, and if he fails to exercise such care, and such failure, concurring and cooperating with the actionable negligence of defendant contributes to the injury complained of, he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury.

*Clark*, 263 N.C. at 343, 139 S.E.2d at 597. A road worker, however, is entitled to a special instruction established in *Kellogg v. Thomas*, 244 N.C. 722, 94 S.E.2d 903 (1956). The Court held in *Kellogg* that a road worker:

occupies a different status from an ordinary pedestrian crossing a street, and this status must be considered in determining the degree of care he must exercise for his own safety, and in determining the question of contributory negligence. Because he is not required to neglect his work to escape collision with motorists not exercising reasonable care for his safety, or not obeying statutes regulating in the interests of public safety the operation of motor vehicles, he is not obliged to keep a constant lookout for approaching vehicles, and his failure to do so, does not necessarily constitute contributory negligence as a matter of law. Whether such a worker has exercised reasonable care for his own safety in view of his work and surrounding circumstances is ordinarily for the jury under proper instructions from the court.

*Kellogg*, 244 N.C. at 729, 94 S.E.2d at 908. This rule also applies to workers directing traffic. *Sizemore v. Raxter*, 73 N.C. App. 531, 327 S.E.2d 258, *aff'd*, 314 N.C. 527, 334 S.E.2d 391 (1985).

In the instant case, the trial court instructed the jury on contributory negligence as follows:

[T]he law provides that one who has a right-of-way, such as the Plaintiff would have had as an employee working on the city streets in the Town of Elkin, that he has, the one with the right-of-way has a duty to exercise ordinary care for his own safety, which includes the keeping of a reasonable lookout, however, he is not required to anticipate that the operator of a motor vehicle will fail to obey the law by not yielding him the right-of-way. He may assume, even up to the last moment, that the operator will obey the law and yield the right-of-way to him.

If, however, the circumstances put, or should put the Plaintiff on notice, that an operator might fail to yield the right-of-way, then the Plaintiff must heed that notice and exercise ordinary care for his own safety.

A flagman directing traffic, however, does not have to keep a constant lookout for his own safety. *See Sizemore*, 73 N.C. App. at 534, 327 S.E.2d at 261. The proper question under *Kellogg* is whether the plaintiff exercised reasonable care for his own safety in view of his work and the surrounding circumstances. *Kellogg*, 244 N.C. at 729, 94 S.E.2d at 908. Since the trial court erred by failing to instruct the jury that it should consider whether plaintiff exercised reasonable care in view of his work and the surrounding circumstances, plaintiff is entitled to a new trial. *See Wade v. Grooms*, 37 N.C. App. 428, 246 S.E.2d 17 (1978).

New Trial.

Judges COZORT and GREENE concur.