Charles SAMOS et al.

v.

43 EAST REALTY CORPORATION.

No. 2000–437–Appeal.

Supreme Court of Rhode Island.

Dec. 12, 2002.

Peter Leach, Fernando S. Cunha, Providence, for Plaintiff.

Samuel D. Zurier, Joseph DeAngelis, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS and GOLDBERG, JJ., and SHEA, J., (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on November 6, 2002, pursuant to an order that had directed the parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and the matter will be decided.

The plaintiff landlords, Charles and Maureen Samos, appeal from a Superior Court judgment in favor of the defendant tenant, 43 East Realty Corporation (ERC). The case involves the interpretation and effect of a commercial lease and amendment thereto with respect to the renewal of the lease. The plaintiffs assert that the lease terminated because ERC did not comply with the forty-five day notice provision for the renewal of the lease. ERC contends that the notice provision in the lease was superseded by the lease amendment agreement, which allowed it to renew "at the termination of the lease[.]" The trial justice agreed, finding that the language in the lease amendment clearly and unambiguously superseded the notice provision contained in the lease.

The plaintiffs argue that the lease amendment merely clarifies the renewal option and term, and does not alter the forty-five day notice provision in the lease. The plaintiffs also contend that the trial justice erred in granting ERC's motion *in limine* to preclude parol evidence intended to demonstrate the parties' intent at the time that the lease amendment was drafted, and to explain any ambiguities in the two documents. Finally, plaintiffs maintain they did not waive the notice requirement when they accepted a subsequent rental check.

■ "In construing a lease, the intention of the parties must be ascertained from the language employed in the lease." *Harbor Marine Corp. v. Briehler*, 459 A.2d 489, 491 (R.I.1983) (citing *Humble Oil & Refining Co. v. Lennon*, 94 R.I. 509, 514, 182 A.2d 306, 309 (1962)). "In determining whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *Rotelli v. Catanzaro*, 686 A.2d 91, 94 (R.I. 1996) (quoting *Paradis v. Greater Providence Deposit Corp.*, 651 A.2d 738, 741 (R.I.1994)). "[A] contract is ambiguous only when it is reasonably and clearly susceptible of more than one interpretation." *Id.* (citing *W.P. Associates v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I.1994)). When a contract is clear and unambiguous, "the parol-evidence rule * * * bars evidence of a previous or contemporaneous oral promise extrinsic to an integrated contract that would purport to contradict or modify the express terms of the written contract." *Egidio DiPardo & Sons, Inc. v. Lauzon*, 708 A.2d 165, 176 (R.I.1998).

■ Section 23 of the initial lease agreement provides in pertinent part:

"NOTICE AND EXTENSION OF LEASE: The Tenant shall be obligated to give to the Owner at least 45 days prior to the end of the rental term, a written notice as to whether or not the tenant wishes to extend or terminate the term of this Lease."

Later, the parties executed a lease amendment agreement that "shall supersede any conflicting terms or conditions contained in said Lease Agreement." Section One of that amendment provides that "[u]pon termination of the Lease, the Tenant has the right to renew said lease for Three (3) renewal periods of Five (5) years, each." Both agreements were recorded in the Land Evidence Records in Providence, Rhode Island.

" 'It is well settled that our standard of review of the findings of fact by a trial justice in a non-jury case is deferential. We shall not disturb such findings unless they are clearly wrong or unless the trial justice has overlooked or misconceived relevant and material evidence.' " *Macera v. Cerra*, 789 A.2d 890, 893 (R.I.2002).

After a nonjury trial, the trial justice found that "[t]he option to renew at the termination of the term of the Lease clearly conflicts with the previous 45 day requirement[,]" and that the provision superseded the original lease. He concluded that "it was the intention of the parties to replace the prior provision * * * with the Amendment Agreement[,]" and that, as such, ERC "was not contractually bound to give its notice to renew until the termination of its lease period[.]" After examining the record and reviewing both the original lease and the lease amendment agreement, and in view of our deferential standard of review, we cannot say that the trial justice erred in his findings.

■ We conclude that he also correctly applied the parol-evidence rule to preclude the plaintiffs' attempt to vary the clear and unambiguous terms of the amendment by introducing extrinsic evidence to show that the parties did not intend to abandon the forty-five day notice provision. In light of our conclusion that the amendment eliminated the forty-five day notice requirement, we need not reach the plaintiffs' argument that they did not waive the notice requirement when they accepted a subsequent rental check.

For the foregoing reasons, this appeal is denied and dismissed. The judgment below is affirmed and the papers in this case are remanded to the Superior Court.